**Opinion issued October 13, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00602-CV

———————————

## J. ANTHONY REFERENTE AND ELIZABETH A. REFERENTE, Appellants

## V.

## CITY VIEW COURTYARD, L.P. AND JAAV INVESTMENTS, LLC, Appellees

On Appeal from the 281st District Court
Harris County, Texas
Trial Court Case No. 2013-00767

## O P I N I O N

Appellant Elizabeth Referente bought a townhome pursuant to the terms of a Texas Real Estate Commission standard form contract, which provided that the prevailing party in any legal proceeding related to the contract is entitled to recover

reasonable attorney's fees and costs. After Elizabeth and her husband discovered a leak in the kitchen ceiling, they sued Appellees City View Courtyard, LP ("City View"), which was the seller, and its general partner, JAAV Investments, LLC ("JAAV"), for negligence, breach of warranty, and violations of the Texas Deceptive Trade Practices Act.

Appellees moved for summary judgment on multiple grounds, and the Referentes nonsuited without prejudice six days before the motion's submission date. The trial court found that the Referentes nonsuited to avoid an unfavorable ruling on the merits and concluded that Appellees were prevailing parties under the contract's attorney's fees provision. It entered judgment awarding Appellees $9,447.00 in attorney's fees, plus post-judgment interest and court costs. On appeal, the Referentes challenge (1) the trial court's finding that the Referentes nonsuited to avoid an unfavorable ruling on the merits and (2) the trial court's conclusion that the Referentes' recovery was barred by the as-is provision of the contract. We affirm.

**Background**

In 2010, Elizabeth Referente purchased a townhome in Houston from City View pursuant to the terms of the Texas Real Estate Commission's standard form for a One to Four Family Residence Contract (Resale). In Section 7B of the

2

contract, Elizabeth acknowledged receipt of the Seller's Disclosure Notice, in which City View indicated that it was not aware of any defects or malfunctions, previous flooding or water penetration, or of "any item, equipment, or system in or on the Property that is in need of repair."

Pre-closing, the Referentes performed an inspection of the townhome, as permitted by Section 7A of the contract. The Referentes then provided City View with a list of anticipated expenses and costs for electrical, HVAC, plumbing, interior, exterior, and roof repairs totaling over $100,000. In light of these anticipated repair expenses, the parties negotiated a $15,000 reduction in the purchase price. The parties closed the transaction on September 14, 2010. Notably, Section 7D of the contract provided that Elizabeth "accepts the Property in its present condition."

In early 2011, the Referentes discovered a leak in the kitchen ceiling. Their plumber cut a hole in the ceiling and discovered paint pans and fast food containers overflowing with water. In December 2011, Elizabeth found a printed e-mail left in a phone book in the townhome. The January 2010 e-mail indicated that someone named Phuong Nguyen had instructed a repairman to make several repairs to the townhome, including "retextur[ing] and paint[ing] the defects in the kitchen ceiling."

3

On January 7, 2013, the Referentes sued, asserting claims for negligence, breach of warranty, and violations of the Texas Deceptive Trade Practices Act. Appellees counterclaimed for attorney fees, courts costs, and pre- and post-judgment interest pursuant to Paragraph 17 of the contract. On May 15, 2013, Appellees filed a Traditional and No Evidence Motion for Summary Judgment on all of the Referentes claims and their own counterclaim for attorney's fees. The motion included multiple grounds for summary judgment and was originally set for submission on June 17, 2013.

A ruling on the motion for summary judgment was delayed for nearly a year. In June 2013, the Referentes' counsel filed a request for an oral hearing and a motion seeking leave to withdraw. Later, the Referentes, both attorneys who were by then representing themselves, moved to continue the hearing. The trial court granted the continuance, and the motion for summary judgment was again set to be submitted on May 5, 2014. Six days before the submission date, the Referentes nonsuited their claims, without prejudice. The notice of nonsuit said nothing about what motivated the Referentes to file it. On the same day, the Referentes filed a Response to Defendants' Motion for Summary Judgment asserting that their nonsuit disposed of all of their affirmative claims and mooted the counterclaim for attorney's fees. In their reply in support of their motion for summary judgment, Appellees argued that the Referentes' nonsuit had no effect on the counterclaim for

4

attorney's fees, which they argued they were entitled to recover as a matter of law. Citing *Epps v. Fowler*, 351 S.W.3d 862 (Tex. 2011), the trial court denied the motion for summary judgment without prejudice to Defendants seeking additional findings.

The following month, the parties proceeded to trial on the attorney's fees issue. Elizabeth Referente testified that the Referentes elected to take a nonsuit because they were unable to absorb both the cost of repairing the townhome and the cost of continuing the litigation. In particular, the Referentes were unable to pay the upfront retainer fees required by counsel. The trial court made the following findings:

a. Elizabeth was sophisticated in matters of the law and was represented by an agent in the transaction;

b. The contract was an arm's length transaction and the relative bargaining power of the parties indicates that the language was freely negotiated and not mere boilerplate;

c. The Referentes nonsuited to avoid an unfavorable ruling on the merits; and

d. City View and JAAV Investments are the prevailing party.[1]

---

[1] The trial court's findings were recited in its judgment, but, because the record contains no other findings of fact, the findings may be accorded probative value. *James J. Flanagan Shipping Corp. v. Del Monte Fresh Produce N.A., Inc.*, 403 S.W.3d 360, 364 (Tex. App.—Houston [1st Dist.] 2013, no pet.); *In re C.A.B.*, 289 S.W.3d 874, 881 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

The trial court's judgment awarded City View and JAAV Investments attorney's fees in the amount of $9,447.00, which amount the parties stipulated was reasonable and necessary, plus post-judgment interest and court costs.[2]

## Discussion

The Referentes raise two issues on appeal. First, they challenge the legal sufficiency of the evidence to support the trial court's finding that the Referentes nonsuited to avoid an unfavorable ruling on the merits. Second, they contend that the trial court erred in concluding that the as-is or "present condition" provision of the contract was binding in light of their contention that Appellees fraudulently concealed the leak in the kitchen ceiling.

## I.    Standard of Review

*Epps* does not expressly state the applicable standard of review. The Referentes frame their first issue as one of legal sufficiency: they assert that the judgment must be reversed because no evidence supports the trial court's finding that they nonsuited to avoid an unfavorable judgment. We agree that whether a party nonsuited to avoid an unfavorable ruling is a question of fact, and that the trial court's finding on that issue may be challenged on the ground that it is not supported by sufficient evidence. *See HTS Servs., Inc. v. Hallwood Realty*

---

[2]    Because Anthony Referente did not sign the contract, the judgment states that City View and JAAV Investments shall recover exclusively from Elizabeth Referente and take nothing against Anthony Referente.

*Partners, L.P.,* 190 S.W.3d 108, 111 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (when trial court's findings are challenged, appellate courts review sufficiency of evidence supporting the findings by applying the same standards used in reviewing legal or factual sufficiency of evidence supporting jury findings).

But an analysis under *Epps* may also involve legal determinations subject to de novo review. *See Epps*, 351 S.W.3d at 871 (noting trial judge may consider evidence "that the suit was not without merit when filed"); *Moreland v. Johnson*, 95 S.W.3d 392, 394 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (appellate court reviews de novo the legal question of whether suit had arguable basis in law). Accordingly, we will review the trial court's determination under *Epps* for an abuse of discretion, deferring to factual findings that are supported by some evidence, but reviewing legal questions de novo. *See El Paso Nat. Gas Co. v. Minco Oil & Gas Co.*, 964 S.W.2d 54, 60–63 (Tex. App.—Amarillo 1997) (noting that trial court's findings involving mixed questions of law and fact are reviewed for abuse of discretion in which appellate court reviews de novo that part of the decision involving the law and its application while recognizing the trial court's authority to weigh and interpret evidence), *rev'd on other grounds*, 8 S.W.3d 309 (Tex. 1999).

**A. Applicable Law**

Texas Rule of Civil Procedure 162 provides that a plaintiff may nonsuit any time before introducing all of her evidence other than rebuttal evidence. TEX. R. CIV. P. 162. While a nonsuit has the effect of terminating a case from "the moment the motion is filed," *see Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010) (noting nonsuit renders the merits of the nonsuited case moot), it does not affect the right of an adverse party to be heard on a pending claim for affirmative relief, and it has no effect on any motion for attorney's fees or other costs pending at the time of dismissal. TEX. R. CIV. P. 162.

In *Epps*, the Texas Supreme Court held that "a defendant may be a prevailing party when a plaintiff nonsuits without prejudice if the trial court determines, on the defendant's motion, that the nonsuit was taken to avoid an unfavorable ruling on the merits." 351 S.W.3d at 870. The Supreme Court enumerated factors that may support an inference that a plaintiff nonsuited to avoid an unfavorable ruling: (1) a plaintiff filed a nonsuit only after a defendant filed a motion for summary judgment, (2) a plaintiff failed to respond to requests for admission or other discovery that could support an adverse judgment, (3) a plaintiff failed to timely identify experts or other critical witnesses, and (4) the existence of other procedural obstacles that could defeat the plaintiff's claim (e.g., an inability to join necessary parties). *Id.* at 870–71. On the other hand, the *Epps* court noted

8

that evidence that a plaintiff's suit was not without merit when filed may indicate that the defendant has not prevailed and therefore is not entitled to attorney's fees. *Id*. (suggesting that a defendant would not be a prevailing party if suit was not without merit when filed and was non-suited after discovery revealed previously unknown flaws in plaintiff's claims).

**B. Analysis**

Here, the trial court found that the Referentes nonsuited in order to avoid an unfavorable ruling on the merits. The Referentes argue that legally insufficient evidence supports that finding and, in particular, that Appellees failed to show that the Referentes' claims were meritless when they were initially filed.

Applying *Epps*, we conclude that sufficient evidence supports the trial court's finding that the Referentes nonsuited to avoid an unfavorable ruling on the mertis. First, the Referentes nonsuited after Appellees' motion for summary judgment had been pending for nearly a year and, tellingly, a mere six days before the motion was to be submitted. And the Referentes did not proffer in their notice of nonsuit their reason for filing it. Second, the Referentes' response to the motion for summary judgment, filed on the same day as their nonsuit, did not address the merits of the motion. Rather, the response merely stated that, based on the nonsuit, "there are no longer any justiciable claims" and "Defendants cannot recover any attorney fees relating to this lawsuit." Elizabeth testified that she and her husband

nonsuited to avoid incurring litigation costs—in particular, a retainer fee—that they could not afford. But the trial court could have discredited this testimony and reasonably concluded that they nonsuited to avoid an unfavorable ruling on the merits, particularly because the Referentes were both attorneys who could have continued representing themselves. *See Epps*, 351 S.W.3d at 871 (evidence that a plaintiff nonsuited after a motion for summary judgment was filed "may support an inference that a plaintiff has nonsuited in order to avoid an unfavorable ruling").

The Referentes next contend that the trial court's fee award must be reversed because Appellees failed to carry their burden to show that the Referentes' suit was meritless when filed. *See id.* ("evidence that the suit was not without merit when filed may indicate that the defendant has not prevailed and is therefore not entitled to attorney's fees"). In support, they cite *Miramar Dev. Corp. v. Sisk*, No. 04-13-00777-CV, 2014 WL 1614290 (Tex. App.—San Antonio Apr. 23, 2014, pet. denied). In *Miramar*, Sisk and the sellers executed a standard contract promulgated by the Texas Real Estate Commission for the sale of residential property. *Id.* at *1. Sisk later sued the sellers, their broker, and the home inspector for damages Sisk contended were caused by foundation defects that the sellers concealed. *Id.* After settling with all other parties, Sisk nonsuited his claims against the sellers five days after the sellers moved for summary judgment on the basis of a recently-issued authority that made a favorable outcome less likely for

10

Sisk. *Id.* at *8. Sisk's nonsuit noted that he was ending the litigation against the sellers "[b]ecause of the increasing expense of litigation, and in light of [the newly-issued authority]." *Id*. at *2.

On the parties' cross-motions for summary judgment, the trial court determined that the sellers were not prevailing parties and declined to award the sellers attorney's fees under the contract. *Id.* The sellers appealed, and the San Antonio court of appeals concluded that "[a]lthough the temporal proximity of a plaintiff's nonsuit may, in some situations, suggest that the nonsuit was filed to avoid an unfavorable judgment, that cannot be said when a plaintiff pursues a claim that is not without merit and nonsuits only after discovering previously unknown legal or factual impediments to success." *Id.* at *7. Accordingly, the San Antonio Court of Appeals held that the trial court did not err in determining, as a matter of law, that Sisk did not nonsuit to avoid an unfavorable ruling on the merits. *Id*. at *8.

This case is different from *Miramar*. Here, the Referentes did not identify any post-filing change in the law that diminished the viability of their claims. Nor is there evidence that the nonsuit followed the discovery of previously unknown flaws in the Referentes' claims, or that the Referentes had obtained settlements from other parties and reassessed the likelihood of further recovery. In *Miramar*, the trial court concluded that these factors negated the premise that the nonsuit was

11

filed to avoid an unfavorable ruling. None of these factors is present in this case, in which the nonsuit was filed only after a motion for summary judgment with no discernable intervening events from the time the motion was filed and the date of the nonsuit. Accordingly, the facts in *Miramar* are inapposite.

Here, the Referentes adduced evidence arguably demonstrating that their suit had merit when it was filed, but they offered no evidence of any post-filing occurrence (such as a change in the applicable law or a revelation of a bad fact through discovery) that caused them to non-suit. Instead, they adduced evidence that they nonsuited to avoid incurring further litigation costs. The trial court was free to discredit this testimony, however, and find that the Referentes nonsuited their claims to avoid an unfavorable ruling on the merits.

In their second issue, the Referentes assert that the trial court erred in concluding that the Referentes were bound by the as-is provision of the contract. In essence, the Referentes seek review of the summary judgment that the trial court's findings indicate it would have granted had the Referentes not nonsuited their claims. *Epps* did not require that a party seeking fees establish that the nonsuit was filed to avoid an unfavorable and a *correct* ruling on the merits, thus subjecting the hypothetical ruling to appellate review. Even were *Epps* to require it, the Referentes have failed to establish that summary judgment, had it been granted, would have been incorrect. The Appellants moved for a no-evidence

summary judgment on the grounds that, among other things, the Referentes could not adduce evidence of causation, which was an element of all of the Referentes' claims. The Referentes filed no response on the merits, and thus cannot show on appeal that they would have defeated summary judgment had they not nonsuited.

## Conclusion

We conclude that the record supports the trial court's finding that the Referentes nonsuited to avoid an unfavorable ruling on the merits. Accordingly, Appellees were prevailing parties entitled to an award of attorney's fees under the terms of the contract. We therefore affirm the judgment of the trial court.

Rebeca Huddle
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.