AFFIRMED and Opinion Filed February 11, 2019



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-18-00142-CV

**CRYSTAL GEE ROACH, Appellant**
**V.**
**LIAT TURKIA, AVI TURKIA, TIL INVESTMENTS, LLC, AND**
**AMBIANCE REALTY, Appellees**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-01156-2017**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Nowell
Opinion by Justice Reichek

Following the nonsuit of her claims without prejudice, Crystal Gee Roach appeals the trial court's order designating Liat Turkia, Avi Turkia, TIL Investments, LLC, and Ambiance Realty the prevailing parties in this suit and awarding them attorney's fees. In two issues, Roach contends the trial court erred in determining appellees had prevailed and in concluding her defenses to appellees' motion for summary judgment lacked merit. Appellees bring a cross-appeal contending the trial court abused its discretion in not awarding them the full amount of attorney's fees they requested. We affirm the trial court's order.

### Factual Background

Liat and Avi Turkia are the managing members of TIL Investments, a real estate investment company. In January 2014, TIL purchased a residential property in Plano, Texas through a short-

sale. The property was purchased without a prior inspection. Independent contractors were then hired to perform repairs and renovations to the house, including replacing the tile in the master bathroom and cleaning, refilling, and restarting the swimming pool. The updates were made for the purpose of putting the house back on the market for resale.

In February 2014, the Turkias listed the house for sale and made arrangements for Ambiance Realty to act as broker. On February 21, Roach, an attorney specializing in real estate matters, made an offer to purchase the house. The offer was accepted a short time later. Roach and Liat signed a sales contract naming Roach as buyer and TIL as seller. The contract specified Roach was accepting the property "in its present condition." Roach was provided with the seller's disclosure notice at that time. The notice stated the seller was not aware of any defects in the property.

Roach hired an independent inspector who created a detailed report listing numerous issues with the property, including large cracks in the pool plaster and multiple leaks at the pool pump. The report advised Roach to consult a specialist concerning re-surfacing the pool. Roach also obtained an appraisal report which noted that, at the time TIL purchased the property, the pool was empty and not functional. The report went on to state the pool had been repaired and refilled and was currently functioning. Based on the inspection and appraisal reports, the parties signed an amendment to the sales contract lowering the purchase price and requiring TIL to make various repairs. The repairs were made and the sale of the property closed as scheduled.

Approximately three years later, on March 9, 2017, Roach sent a demand letter to TIL asserting it had failed to disclose in its seller's disclosure notice that the repairs to the master bathroom were done without the proper permits and in a negligent manner. The letter alleged the walls in the shower were not updated with the proper water resistant backing, which resulted in water permeating the new tiles and causing extensive mold damage. The letter further stated TIL

failed to disclose the fact that the pool had been empty for an extended period of time prior to sale which led to severe cracking. Roach demanded TIL pay her $20,056 within thirty days based on estimates she had obtained of the cost to repair the bathroom and pool. The same day the demand letter was sent, Roach filed suit against appellees alleging claims for fraud, breach of contract, negligence, negligent misrepresentation, and violations of the Texas Deceptive Trade Practices Act.

Counsel for appellees responded to Roach stating that her letter was insufficient to fulfill the prerequisite of a prior demand under the DTPA and her claims were "barred either by the statute of limitations or by prevailing case law." The letter cited authority for the proposition that Roach's renegotiation of the sales contract based on an independent inspection rendered her unable to establish either reliance or causation with respect to any alleged misrepresentations made by the Turkias. Counsel also noted that no permits were required for the work done to the house and the Turkias had no knowledge of any defects regarding installation of the tile. Appellees then filed verified answers asserting that Roach failed to satisfy the conditions precedent to bringing suit and her claims were barred by waiver, estoppel, and the applicable statute of limitations. The Turkias and Ambiance Realty also asserted they were not liable in the capacity in which they had been sued. Finally, appellees requested an award of attorney's fees and costs.

On September 29, 2017, the Turkias and TIL filed a traditional motion for summary judgment. In the motion, they argued: (1) Roach's claims for negligence and DTPA violations were barred by the two-year statute of limitations and the accrual date of those claims was not tolled by the discovery rule; (2) the Turkias were not liable in their individual capacities; (3) Roach could not establish the Turkias' or TIL's liability for negligence, DTPA violations, or fraud because they did not supervise the repairs made to the house and had no knowledge of any issues regarding the work done by the independent contractors; (4) Roach's renegotiation of the sales

contract following the independent inspection negated the elements of reliance and causation necessary for her tort claims; and (5) the summary judgment evidence showed the Turkias and TIL did not breach the sales contract as a matter of law. The Turkias and TIL requested attorney's fees under the terms of the sales contract, which granted reasonable fees and costs to "[a] Buyer, Seller, Listing Broker, Other Broker, or escrow agent who prevails in any legal proceeding related to this contract." A hearing on the motion was set for November 13, and then rescheduled for December 18, 2017.

Seven days before the hearing, on the day her response to the summary judgment motion was due, Roach filed a notice of nonsuit dismissing all of her claims against appellees without prejudice. Appellees then responded with a motion asking the trial court to declare them the prevailing parties in the suit and award them $11,000 in attorney's fees and expenses. Appellees argued that Roach dismissed her claims to avoid an unfavorable ruling on the merits and, therefore, appellees should be declared the prevailing parties pursuant to the Texas Supreme Court's opinion in *Epps v. Fowler*, 351 S.W.3d 862, 870 (Tex. 2011). In the alternative, appellees asserted Roach's claims were groundless and brought in bad faith and they requested an award of their attorney's fees as sanctions. Attached to the motion was an affidavit by appellees' counsel and a billing summary in support of the fee request.

Roach responded to appellees' motion stating she dismissed her claims solely for personal reasons and not because her claims lacked merit. Roach listed a variety of personal and professional commitments and asserted she was "forced to dismiss her suit because she lack[ed] the emotional energy, time and financial resources to keep up the good fight in light of more important and pressing needs of her immediate family and career." Roach attached an affidavit in which she discussed the challenges in her personal and professional life in more detail, including single motherhood, helping to care for friends and family members, and job demands. Roach also

submitted a draft response to appellees' motion for summary judgment that she stated she prepared before dismissing her suit. According to Roach, the draft response demonstrated the validity of her claims.

The trial court conducted a hearing on appellees' motion on January 8, 2018. At the hearing, counsel for appellees argued that Roach's unfiled response to their motion for summary judgment failed to address all the grounds asserted or the relevant case law. According to appellees, Roach's inadequate response supported their position that she nonsuited her claims to avoid an unfavorable ruling. The trial judge indicated the motion for summary judgment would likely have been granted and Roach's personal issues did not sufficiently explain the nonsuit. Counsel for Roach responded that, if the court was inclined to grant appellees' motion to declare them the prevailing parties, he was willing withdraw the nonsuit and go forward on the merits of the summary judgment. Both appellees' counsel and the trial judge noted that, if the case went forward, appellees were likely to incur more attorney's fees which could result in a higher fee award to appellees if summary judgment was granted in their favor. Counsel for Roach then asked to speak with his client. The record reflects that Roach ultimately chose not to withdraw her notice of nonsuit.

Following the hearing, the trial court granted appellees' motion to declare them the prevailing parties and specifically concluded Roach nonsuited her claims to avoid an unfavorable ruling on the motion for summary judgment. The court did not, however, award appellees all the fees and costs they requested, but instead ordered appellees recover $3,500 in attorney's fees. This appeal followed.

**Analysis**

**A. Declaration of Prevailing Parties Following Nonsuit Without Prejudice**

In her first issue, Roach contends the trial court's determination that appellees were the prevailing parties in this case is not supported by factually sufficient evidence. In her second issue, Roach contends the trial court erred in concluding her response to the Turkia's and TIL's motion for summary judgment lacked any arguable basis in law. We review a trial court's prevailing party determination for an abuse of discretion, deferring to factual findings that are supported by some evidence, but reviewing legal questions de novo. *Referente v. City View Courtyard, L.P.*, 477 S.W.3d 882, 886 (Tex. App.—Houston [1st Dist.] 2015, no pet.).

In Texas, plaintiffs may nonsuit without a court order at any time before introducing all of their evidence other than rebuttal evidence. *Epps*, 351 S.W.3d at 868. The nonsuit does not affect a defendant's pending claim for affirmative relief, such as a claim for attorney's fees. *Id*. When a plaintiff nonsuits her claims without prejudice, the defendant may still be a prevailing party entitled to attorney's fees if the trial court determines, on defendant's motion, that the nonsuit was taken to avoid an unfavorable ruling on the merits. *Id*. at 870. This determination is largely based on inferences drawn from the course of events in the lawsuit and courts place great weight upon whether the plaintiff's nonsuit closely follows a defendant's potentially dispositive motion. *Id*.

In this case, Roach nonsuited her claims on the day her response to the Turkia's and TIL's motion for summary judgment was due. Roach asserts she filed the notice of nonsuit because she lacked the energy, time, and financial resources to continue the litigation. Yet, Roach also states that, on the day she filed her notice, she had "all but finished" her response to the motion and it needed only "an hour or two of editing." She argues that "it defies explanation as to why a party would all but finish a summary judgment response" if the party intended to "avoid the fight." The trial court could have reasonably concluded, however, that it defied explanation for Roach to

expend the energy, time, and financial resources to draft an "all but finished" response to the motion for summary judgment and then not file it unless she was concerned about the impending filing deadline and a potentially unfavorable outcome. *See Kontoh v. Safo*, No. 05-17-00448-CV, 2018 WL 3215881, *3 (Tex. App.—Dallas July 2, 2018, no pet.) (mem. op.) (nonsuits filed to circumvent unfavorable legal restrictions or rulings are disfavored). Although Roach submitted an affidavit discussing the personal reasons she said were the basis of her nonsuit, the trial court was free to discredit this testimony. *See Referente*, 477 S.W.3d at 888. This is particularly true in light of the fact that most, if not all, of the personal challenges Roach referenced in the affidavit existed at the time Roach chose to file suit. Roach's decision to file her notice of nonsuit immediately before her response to the motion for summary judgment was due is strong evidence the nonsuit was taken to avoid an adverse ruling. *Id*. at 886–87; *Kontoh*, 2018 WL 3215881, at *3.

Roach appears to contend that, for the trial court to declare appellees the prevailing parties in this case, it was required to determine both that her claims had no merit when they were filed and that the Turkias and TIL were entitled to summary judgment. Neither finding was required. Although the trial court may consider whether the plaintiff's claims had merit when filed, this is generally done when dismissal follows a post-filing occurrence, such as a change in the law or the discovery of evidence revealing previously unknown flaws in the case. *See Epps*, 351 S.W.3d at 871; *Referente*, 477 S.W.3d at 887–88. Courts do not want to discourage plaintiffs from dismissing claims that appeared meritorious when brought, but are subsequently revealed to be unviable. *Epps*, 351 S.W.3d at 871. In this case, Roach has neither alleged nor adduced evidence of any post-filing occurrences that would have affected the merits of her claims and justified her nonsuit.

Indeed, Roach asserts that her claims continue to be viable and she asks this Court to address the merits of her case by determining whether the trial court could have properly granted

summary judgment against her in light of the arguments made in her unfiled draft response. To the extent Roach asks us to review a hypothetical ruling by the trial court in light of arguments and evidence never properly presented to the trial court for that purpose, we decline to do so. *See Referente*, 477 S.W.3d at 888. We note, however, that Roach's draft response fails to substantively address several of the asserted grounds for summary judgment including (1) the preclusive effect on Roach's claims of the independent inspection and renegotiation of the sales contract and (2) evidence showing the Turkias had no knowledge of any defects in the work done by the independent contractors.

After reviewing the record, we conclude there is sufficient evidence to show Roach nonsuited her claims to avoid an adverse ruling and the trial court did not abuse its discretion in declaring appellees to be the prevailing parties in this suit. We resolve Roach's two issues against her.

## B. Attorney's Fees Award

In their cross-appeal, appellees contend the trial court abused its discretion by not awarding them the full amount of attorney's fees they requested. Appellees argue they submitted uncontradicted evidence that conclusively established they were entitled to recover $11,000 and the trial court's reduction of that amount was arbitrary. We disagree.

The sales contract in this case provided for an award of "reasonable attorney's fees" to a prevailing party in a proceeding related to the contract. The reasonableness of attorney's fees is a question of fact and we may not substitute our judgment for that of the factfinder. *Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d 545, 547 (Tex. 2009). A reasonable fee is one that is not excessive or extreme, but rather moderate or fair. *Garcia v. Gomez*, 319 S.W.3d 638, 642 (Tex. 2010). The fee must also be reasonable under the particular circumstances of the case and must bear some relationship to the amount in controversy. *Armstrong Forest Prods. v. Redempco, Inc.*, 818

S.W.2d 446, 453 (Tex. App.—Texarkana 1991, writ denied). A request for attorney's fees may be found unreasonable even if it is supported by uncontradicted evidence. *See Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990). In determining an appropriate award, the trial court may look at the entire record and view the matter in light of the amount in controversy, the nature of the case, and its own common knowledge and experience as a lawyer and judge. *Redempco*, 818 S.W.2d at 453.

The litigation in this case was neither lengthy nor complicated. Appellees' counsel stated in his affidavit that he had familiarity with, and expertise in, the types of claims asserted by Roach and he recognized early on what law would likely be dispositive of the case. The actual damages asserted by Roach in her demand letter were only $20,056. Yet, the amount of fees and expenses requested by appellees' attorney less than a year after the demand was made was more than half the amount of damages alleged. Given these facts, we cannot say the trial court abused its discretion in its implicit determination that the amount of fees requested by appellees' counsel was unreasonable. The court was free to base its calculation of the lesser amount on the information provided in the record. *See id*. We resolve appellees' sole issue against them.

## CONCLUSION

We conclude the trial court did not err in determining appellees were the prevailing parties in this suit and in awarding $3,500 in attorney's fees. We affirm the trial court's order.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

180142F.P05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

CRYSTAL GEE ROACH, Appellant

No. 05-18-00142-CV     V.

LIAT TURKIA, AVI TURKIA, TIL INVESTMENTS, LLC, AND AMBIANCE REALTY, Appellees

On Appeal from the 416th Judicial District Court, Collin County, Texas
Trial Court Cause No. 416-01156-2017.
Opinion delivered by Justice Reichek.
Justices Schenck and Nowell participating.

    In accordance with this Court's opinion of this date, the order of the trial court is **AFFIRMED**.

    It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered February 11, 2019