**Affirmed and Majority and Concurring Opinions filed July 25, 2019.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## NO. 14-17-00766-CV

## F. DON LACY AND HOMES AND MORE, Appellants

## V.

## LUIS A. CASTILLO, Appellee

**On Appeal from the 410th District Court**
**Montgomery County, Texas**
**Trial Court Cause No. 16-05-06328-CV**

## M A J O R I T Y   O P I N I O N

Appellants, F. Don Lacy and Homes and More, appeal the trial court's order denying their Motion to Declare Plaintiff's Nonsuit a Dismissal with Prejudice. We affirm.[1]

---

[1] This appeal was transferred to the Fourteenth Court of Appeals from the Ninth Court of Appeals. In cases transferred by the Supreme Court of Texas from one court of appeals to another, the transferee court must decide the case in accordance with the precedent of the transferor court under the principles of stare decisis if the transferee court's decision otherwise would have been

## BACKGROUND

Appellee Luis A. Castillo bought a mobile home from Homes and More in November 2014. Appellee filed suit against Appellants, Homes and More, and its general partner and representative, F. Don Lacy, in May 2016.

Appellee asserted claims against Appellants for breach of contract, Deceptive Trade Practices Act violations, common law fraud, fraud in a real estate transaction, and negligent misrepresentation. Appellee alleged that, at the time of the sale, the mobile home "had purportedly had a renovation, including a roof repair, replacement of significant portions of the floors, painting of the home's interior and exterior, ceiling repair, replacement of a water heater and appliances, and the replacement of the septic system." Appellee also alleged that (1) within a month of moving in, "a rain storm caused further roof leaks which have been ongoing since"; (2) "[i]n some portions of the home, prior to [Appellee]'s occupancy, the particle board flooring had been wet and in part fallen through exposing the interior of the home to the outdoors"; (3) "[a] hole in the master bedroom floor which had been concealed by wall cabinets that had been removed by [Appellee] had not been repaired"; (4) to induce Appellee to buy the home, Lacy "made promises to make the extensive repairs necessary to make the home habitable in a good and workmanlike manner prior to [Appellee] moving into the home"; and (5) "[a]lthough [Lacy] has made some effort on two occasions to make promised repairs, the repairs that were made have been totally inadequate and . . . [t]he roof continues to leak on virtually the entire perimeter, ceilings have collapsed into the home, floors have collapsed leaving gaping openings onto the ground below."

Appellants filed an original and amended answer, generally denying

---

inconsistent with the precedent of the transferor court. *See* Tex. R. App. P. 41.3.

Appellee's allegations and asserting a claim for attorney's fees under Texas Business and Commerce Code section 17.50(c). Appellants filed a summary judgment motion on May 24, 2017, and Appellee filed a response to Appellants' summary judgment motion on June 23, 2017. Appellee also filed "Plaintiff's Motion for Special Exceptions to Defendants' Motion for Summary Judgment, Plaintiff's Objections to Defendants' Summary Judgment Evidence & Motion to Strike; and Plaintiff's Motion for Leave to Amend Pleadings" on June 28, 2017.

Appellee filed a notice of nonsuit on June 30, 2017. The trial court signed an order granting the nonsuit and dismissing the case without prejudice on July 3, 2017. Appellants filed a Motion to Declare Plaintiff's Nonsuit a Dismissal with Prejudice on July 21, 2017. Appellee filed a response a few days later. The trial court held a hearing on Appellants' motion and signed an order denying the motion on September 5, 2017. Appellants filed a notice of appeal on September 11, 2017.

This Court subsequently issued a letter informing the parties the order being appealed is not a final, appealable order and that dismissal for want of jurisdiction was being considered. Appellants filed a response acknowledging they had an outstanding claim for attorney's fees against Appellee. Appellants stated: "On April 28, 2019, in an effort to make the order appealed from final, Appellants filed a notice of non-suit regarding their request for attorney's fees." They further stated they filed a request for a supplemental clerk's record to include their notice for nonsuit, and that "[t]hese filings should resolve the issue of finality."

The supplemental clerk's record was filed in this Court; it shows Appellants nonsuited their claim for attorney's fees without prejudice on April 29, 2019, and the trial court signed an order granting the nonsuit on May 8, 2019. Following the nonsuit of Appellants' claim for attorney's fees and there being no other outstanding claims before the court, the trial court's order denying Appellants' Motion to Declare

Plaintiff's Nonsuit a Dismissal with Prejudice is a final, appealable order.

## ANALYSIS

### I. Standing

Before we analyze Appellants' arguments, we address Appellee's contention that Appellants "lack standing to file an appeal." Appellee argues Appellants lack standing to appeal the trial court's July 3, 2017 order granting his nonsuit because (1) Appellants had "no outstanding claim for affirmative relief . . . on file with the court at the time of the nonsuit" and the nonsuit "render[ed] the merits of the nonsuited case moot" so there is nothing for an appellate court to review; and (2) Appellants' Motion to Declare Plaintiff's Nonsuit a Dismissal with Prejudice was filed eighteen days after Appellee's nonsuit was granted and was "too late to be considered by the trial court."

Appellee's contentions fail for several reasons. First, Appellants do not challenge the trial court's July 3, 2017 order granting Appellee's nonsuit; instead, Appellants appeal the trial court's September 5, 2017 order denying their Motion to Declare Plaintiff's Nonsuit a Dismissal with Prejudice. Appellee does not argue Appellants lack standing to challenge the order denying their Motion to Declare Plaintiff's Nonsuit a Dismissal with Prejudice.

Second, Appellants' claim for attorney's fees under Texas Business and Commerce Code section 17.50(c) was "an outstanding claim for affirmative relief"[2] and it was "on file with the court at the time of the nonsuit." In fact, Appellants

---

[2] A claim for attorney's fees under Texas Business and Commerce Code section 17.50(c) is an independent claim for affirmative relief. *See Marsh v. United Servs. Auto. Assoc.*, No. 05-17-00338-CV, 2017 WL 2590742, at *1 (Tex. App.—Dallas June 15, 2017, no pet.) (mem. op.); *Yuen v. Gerson*, 342 S.W.3d 824, 829 (Tex. App.—Houston [14th Dist.] 2011, pet. denied); *see also Klein v. Dooley*, 949 S.W.2d 307, 307 (Tex. 1997) (per curiam).

4

nonsuited their attorney's fees claim only recently on April 29, 2019.

Third, there is no authority to support Appellee's assertion that Appellants' Motion to Declare Plaintiff's Nonsuit a Dismissal with Prejudice was filed "too late to be considered by the trial court." To the contrary, with Appellants' claim for attorney's fees still before the trial court, the trial court's July 3, 2017 order granting Appellee's nonsuit was not a final order and the trial court had plenary power to consider Appellants' motion. *See Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993) (per curiam) ("A trial court has plenary power over its judgment until it becomes final. The trial court also retains continuing control over interlocutory orders and has the power to set those orders aside any time before a final judgment is entered."); *Callaway v. Martin*, No. 02-16-00181-CV, 2017 WL 2290160, at *3 n.3 (Tex. App.—Fort Worth May 25, 2017, no pet.) (mem. op.) ("A trial court has plenary power — power that is full, entire, complete, absolute, perfect, and unqualified — over, and therefore the jurisdiction and authority to reconsider, not only its judgment but also its interlocutory orders until thirty days after the date a final judgment is signed or, if a motion for new trial or its equivalent is filed, until thirty days after the motion is overruled by signed, written order or operation of law, whichever first occurs."); *Flagstar Bank, FSB v. Walker*, 451 S.W.3d 490, 504 (Tex. App.—Dallas 2014, no pet.) ("[A] trial court has the inherent right to change or modify any interlocutory order or judgment until the judgment on the merits of the case becomes final.").

Accordingly, we reject Appellee's contention that Appellants "lack standing to file an appeal."

## II. Unfavorable Ruling

We now turn to Appellants' argument that the trial court erroneously denied their "motion to declare [Appellee]'s notice of nonsuit *without* prejudice to be a

5

notice of nonsuit *with* prejudice" because "the record shows [Appellee] filed the nonsuit without prejudice to avoid an unfavorable ruling on the merits."[3]

Whether a party nonsuited his claims to avoid an unfavorable ruling is a question of fact we review for an abuse of discretion. *N. Star Water Logic, LLC v. Ecolotron, Inc.*, 486 S.W.3d 102, 105 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *Referente v. City View Courtyard, L.P.*, 477 S.W.3d 882, 885-86 (Tex. App.— Houston [1st Dist.] 2015, no pet.). Several factors may support an inference that a plaintiff has nonsuited in order to avoid an unfavorable ruling: (1) a plaintiff's nonsuit after a defendant files a motion for summary judgment; (2) a plaintiff's unexcused failure to respond to requests for admission or other discovery that could support an adverse judgment; (3) a plaintiff's failure to timely identify experts or other critical witnesses; and (4) the existence of other procedural obstacles that could defeat the plaintiff's claim, such as an inability to join necessary parties. *Epps v. Fowler*, 351 S.W.3d 862, 870-71 (Tex. 2011); *N. Star Water Logic, LLC*, 486

---

[3] As a preliminary matter, Appellants argue in their brief that the trial court had plenary power to rule on their Motion to Declare Plaintiff's Nonsuit a Dismissal with Prejudice because their motion "seeks a substantive change in the existing final order thereby qualifying the motion to re-designate as a jurisdiction-extending motion to modify under 329b(g)." Although not for the reasons Appellants state, we agree that the trial court had plenary power to rule on Appellants' motion. As we already discussed, Appellants' attorney's fees claim was still before the trial court, and the trial court's order granting Appellee's nonsuit without prejudice was an interlocutory order. There was no final order until Appellants' attorney's fees claim was nonsuited. The trial court had plenary power to sign the order denying Appellants' Motion to Declare Plaintiff's Nonsuit a Dismissal with Prejudice. *See Fruehauf Corp.*, 848 S.W.2d at 84 ("A trial court has plenary power over its judgment until it becomes final. The trial court also retains continuing control over interlocutory orders and has the power to set those orders aside any time before a final judgment is entered."); *Callaway*, 2017 WL 2290160, at *3 n.3 ("A trial court has plenary power — power that is full, entire, complete, absolute, perfect, and unqualified — over, and therefore the jurisdiction and authority to reconsider, not only its judgment but also its interlocutory orders until thirty days after the date a final judgment is signed or, if a motion for new trial or its equivalent is filed, until thirty days after the motion is overruled by signed, written order or operation of law, whichever first occurs."); *Flagstar Bank, FSB*, 451 S.W.3d at 504 ("[A] trial court has the inherent right to change or modify any interlocutory order or judgment until the judgment on the merits of the case becomes final.").

S.W.3d at 108; *Referente*, 477 S.W.3d at 886.

Appellants contend the record before us shows Appellee nonsuited his claims without prejudice to avoid an unfavorable ruling because (1) Appellee timely filed a response to Appellants' summary judgment motion but failed to include controverting evidence; (2) "Lacy's affidavit refutes the elements of all of the causes of action alleged, and therefore, the only way for [Appellee] to overcome summary judgment would have been to file sworn testimony controverting Lacy's affidavit"; (3) Appellee "untimely filed a combined special exception to the motion for summary judgment, an objection to the evidence supporting the motion for summary judgment, and a request for leave to amend his petition to overcome the motion for summary judgment" but only requested a hearing on Appellants' summary judgment motion and not on his combined motion; (4) Appellee failed to designate experts "for the type of damages alleged in his pleadings" so he "could not have proven the damages at trial"; and (5) Appellee intended to refile the case at a later time.

In the trial court, Appellants argued their Motion to Declare Plaintiff's Nonsuit a Dismissal with Prejudice should be granted because Appellee failed to submit any summary judgment evidence and failed to timely designate an expert to testify as to the reasonable and necessary cost to repair his mobile home. In his response, Appellee countered he did not nonsuit his claims to avoid an unfavorable ruling. He stated Appellants incorrectly asserted he failed to provide evidence in support of his summary judgment response and claimed Appellants' evidence would not have "substantiated a summary judgment." Appellee asserted that Appellants "even resorted to filing evidence that was tampered with in order to continue to mislead this Court;" Appellee asserted that Appellants' summary judgment exhibit E was tampered with and attached a "true and correct copy" of exhibit E to his response. Appellee also contended Lacy's affidavit provided false information in

that Lacy claimed not having any knowledge of Appellee's "complaints about the mobile home" or any defects affecting habitability when a February 23, 2015 letter from Lacy to Appellee showed that Lacy and Appellee had several conversations and meetings "within the sixty-day (60) warranty period at issue in the underlying suit" about what repairs needed to be made to the mobile home. Appellee attached the letter as an exhibit to his response.

Additionally, the trial court heard the parties' arguments at the hearing on Appellants' Motion to Declare Plaintiff's Nonsuit a Dismissal with Prejudice. Appellants' repeated their contention that the trial court should grant their motion because Appellee filed his nonsuit immediately after Appellants filed their summary judgment motion, he failed to submit any summary judgment evidence, and he failed to timely designate an expert on damages. Appellee responded, among others, as follows:

- "We certainly did not — we were not concerned with an adverse judgment coming out of the, you know, summary judgment motion. Again, in fact, especially when defendant himself has introduced tampered evidence within his summary judgment evidence . . . . There were many bad acts that were discovered during the investigation of this case."

- "In fact, I believe that many other causes of action were discovered during the investigation, and that was one of the reasons why we needed to take a step back."

- "The parties didn't even mediate."

- "We did file a full response to her motion for summary judgment and, also, filed a response to this motion today."

Appellee also insisted he attached "a lot of exhibits" to his summary judgment response. The trial court told the parties it would not consider or "evaluat[e] the merits" of the summary judgment motion or response in ruling on Appellants' Motion to Declare Plaintiff's Nonsuit a Dismissal with Prejudice. Nonetheless, the trial court asked Appellee: "out of curiosity, . . . do you stand on your response to summary judgment as is?" Appellee responded: "I would like the opportunity — if there is an issue with exhibits, my copy actually has everything attached to it. I would want the opportunity to ensure that if there was some sort of technical problem with the exhibits, you know, available — being available to see. Assuming that I could get all of exhibits in, I would certainly stand on my response to the motion for summary judgment." In closing, Appellee assured the trial court "there were certainly solid, you know legal strategic reasons" to file a nonsuit a week after filing his summary judgment response.

Considering the different factors outlined above and the record before us, we conclude the trial court did not abuse its discretion in denying their motion and concluding Appellee did not nonsuit his claims to avoid an unfavorable ruling.

Here, Appellee timely responded to Appellants' requests for admissions and other discovery. *See Epps*, 351 S.W.3d at 871. The record does not reveal, and Appellants have not pointed to, any procedural obstacles that could defeat Appellee's claims, such as an inability to join necessary parties. *See id.*

Although Appellee nonsuited his claims after Appellants filed a summary judgment motion, "the timing of a plaintiff's nonsuit, following a defendant's dispositive motion, does not in itself support an inference that the nonsuit was taken to avoid an unfavorable ruling." *Miramar Dev. Corp. v. Sisk*, No. 04-13-00777-CV, 2014 WL 1614290, at *6 (Tex. App.—San Antonio Apr. 23, 2014, pet. denied) (mem. op.). Further, Appellee did not just nonsuit his claims shortly after Appellants

filed their summary judgment motion; instead, he filed a substantive response. Appellee insisted he attached evidence to his summary judgment response and questioned whether "there was some sort of technical problem with the exhibits." Appellee also attached evidence to his response to Appellants' Motion to Declare Plaintiff's Nonsuit a Dismissal with Prejudice for the trial court to consider; the evidence controverted at least some of Appellants' summary judgment evidence (spec. the assertions in Lacy's affidavit).

We disagree with Appellants that Appellee "untimely filed a combined special exception to the motion for summary judgment, an objection to the evidence supporting the motion for summary judgment, and a request for leave to amend his petition to overcome the motion for summary judgment." To support their contention, Appellants argue Appellee's combined motion was untimely because Texas Rule of Civil Procedure 63 requires pleadings to be amended seven days before a summary judgment motion is heard. However, Appellee did not amend his pleadings; rather, he requested leave to amend in the combined motion, and Rule 63 does not contain a requirement that a request for leave be filed seven days before a summary judgment motion is heard. *See* Tex. R. Civ. P. 63.

Moreover, Appellee also asked the trial court to grant him leave to amend his pleadings in his summary judgment response, which he filed more than seven days before the summary judgment hearing. Further, Appellee's arguments relating to special exceptions and objections to Appellants' summary judgment evidence in his combined motion are similar to the arguments Appellee made in his summary judgment response. Therefore, any failure by Appellee to "not set his combined motion for submission or hearing" and to only request a hearing on the summary judgment motion seems insignificant.

Appellants claim Appellee's failure to designate experts "for the type of

10

damages alleged in his pleadings" would have prevented Appellee from proving damages at trial and thus shows he nonsuited his claims to avoid an unfavorable ruling. However, in the trial court, Appellants only argued Appellee failed to designate an expert to testify as to the reasonable and necessary cost of roof and other mobile home repairs. Appellants did not provide the trial court with any argument or authority that expert testimony was required for Appellee to prove other pleaded damages besides the costs of repairs damages, such as damages for out-of-pocket expenses, cost of replacement, diminished or reduced market value, and loss of use.

Finally, we reject Appellants' contention that Appellee's stated intent to refile his case at a later time shows he filed a nonsuit to avoid an unfavorable ruling. Appellants cite no authority for their contention; and there can be legitimate and strategic reasons for why a plaintiff might nonsuit and then refile his case that are unrelated to wanting to avoid an unfavorable result. *See Miramar Dev. Corp.*, 2014 WL 1614290, at *4 ("For instance, a plaintiff who nonsuits only after 'discovery reveals previously unknown flaws in the plaintiff's claims' likely has not done so to avoid an unfavorable ruling on the merits. Rather, the decision 'may well reflect a legitimate litigation strategy that 'reveals nothing about the merits of a plaintiff's case . . . .'"") (quoting *Epps*, 351 S.W.3d at 868) (quoting *Dean v. Riser*, 240 F.3d 505, 510 (5th Cir. 2001)).

Based on the record before us and considering the trial court was free to believe Appellee's testimony, we cannot conclude the trial court abused its discretion in determining Appellee did not nonsuit his claims to avoid an unfavorable ruling and denying Appellants' motion. *See N. Star Water Logic, LLC*, 486 S.W.3d at 108-09; *Referente*, 477 S.W.3d at 887-88. Accordingly, we overrule Appellants' issue.

## CONCLUSION

We affirm the trial court's order denying Appellants' Motion to Declare Plaintiff's Nonsuit a Dismissal with Prejudice.


/s/    Meagan Hassan
        Justice


Panel consists of Chief Justice Frost and Justices Zimmerer and Hassan (Frost, C.J., concurring).

12