

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00314-CV

**CITY OF PLEASANTON** and Pleasanton Fire Department,
Appellants

v.

Gina **MALONE-GUZMAN**,
Appellee

From the 81st Judicial District Court, Atascosa County, Texas
Trial Court No. 23-09-0575-CVA
Honorable Russell Wilson, Judge Presiding

Opinion by:    H. Todd McCray, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Adrian A. Spears II, Justice
H. Todd McCray, Justice

Delivered and Filed: June 24, 2026

AFFIRMED

This appeal concerns whether the trial court abused its discretion by denying appellants' motion for sanctions after appellee nonsuited and refiled her remaining claims. Appellant contends that appellee employed nonsuit procedure to avoid the practical consequences of adverse discovery rulings and therefore should have been sanctioned. Because appellant has not demonstrated the trial court abused its discretion in denying the requested sanctions, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

This litigation arises from a motor vehicle accident involving Gina Malone-Guzman and a vehicle operated by the Pleasanton Fire Department. Guzman sued the City of Pleasanton and the Pleasanton Fire Department ("the City"), asserting negligence-related claims arising from the collision. The case's procedural history, rather than its underlying merits, controls the disposition of this appeal.

The City answered Guzman's suit in November 2023. Under Texas Rule of Civil Procedure 194, Guzman's mandatory disclosures were due in December 2023 and the statutory discovery period under Rule 190.3 closed in September 2024. According to the record, however, Guzman failed to provide the mandatory disclosures until October 2024—approximately ten months after they were due and after the discovery period had effectively closed. The City subsequently filed motions seeking exclusion of Guzman's untimely disclosures, no-evidence summary judgment, and dismissal related relief. They argued Guzman's discovery failures prevented meaningful preparation for trial and deprived the City of the ability to evaluate or challenge Guzman's damages and causation evidence within the court's scheduling deadlines.

The trial court struck Guzman's untimely disclosures and denied Guzman's request to reopen discovery. The court also granted summary judgment on several claims but allowed Guzman's negligence and respondeat-superior claims to proceed to trial. Shortly thereafter, Guzman filed notices of nonsuit. Guzman nonsuited her remaining negligence and respondeat-superior claims without prejudice and nonsuited her other claims with prejudice. The same day, Guzman refiled the surviving negligence and respondeat-superior claims in a new lawsuit.

The City objected and sought sanctions under Rule 13 of the Texas Code of Civil Procedure and Chapter 10 of the Civil Practice and Remedies Code. The City argued Guzman's nonsuit was

filed for the improper purpose of avoiding the consequences of the court's discovery rulings and restarting discovery timelines in a newly filed case. The City requested dismissal with prejudice, dismissal of the refiled suit, attorney's fees, and other sanctions. The trial court held a hearing but did not grant the requested relief. The City's motions were ultimately overruled by operation of law.

The City appeals, raising three related issues. It argues the trial court erred by (1) allowing Guzman's nonsuit without prejudice to stand; (2) refusing to find the nonsuit was filed for an improper purpose; and (3) refusing to impose sanctions.

## STANDARD OF REVIEW

We review a trial court's ruling on sanctions for abuse of discretion. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004). A trial court abuses its discretion when it acts without reference to guiding rules or principles or reaches a decision so arbitrary and unreasonable as to amount to a clear abuse of discretion. *Id*. Under this standard, we do not substitute our judgment for the trial court's and we view the evidence in the light most favorable to the trial court's action. *Cox v. Vanderburg*, No. 06-20-00078-CV, 2021 WL 4055487, at *10 (Tex. App.—Texarkana Sept. 7, 2021, pet. denied). Accordingly, if the trial court could reasonably have reached its decision, we must affirm.

The same abuse of discretion framework applies when the trial court is asked to determine whether a nonsuit was filed for an improper purpose. *Referente v. City View Courtyard, L.P.*, 477 S.W.3d 882, 885–86 (Tex. App.—Houston [1st Dist.] 2015, no pet.). To the extent the issue turns on legal questions, our review is de novo. *Id*. at 886. But whether a nonsuit was filed to avoid an unfavorable ruling is a fact-intensive determination entrusted to the trial court. *Id*. at 885; *see DGF*

*Holdings, Ltd. v. Air Clinic Air Conditioning & Heating, Inc.*, No. 05-23-01262-CV, 2025 WL 1558886, at *6 (Tex. App.—Dallas June 2, 2025, pet. denied).

ANALYSIS

This appeal asks us to determine whether a plaintiff who is sanctioned for discovery failures, and then nonsuits and refiles her remaining claims, necessarily nonsuits for an improper purpose requiring dismissal-with-prejudice and attorney's-fee sanctions. Guzman's procedural maneuver followed closely on the heels of discovery sanctions that left her with limited evidence for trial and significantly limited her ability to try her case. She immediately refiled her claims, which supports the inference that she sought to restart the discovery clock. But the question before us is not whether Guzman's nonsuit was strategic, or even whether it could reasonably be viewed as an effort to avoid the practical consequences of the trial court's discovery rulings. The question is whether the trial court abused its discretion by declining to find an improper purpose, declining to convert the nonsuit into a dismissal with prejudice, and declining to impose sanctions. On this record, we conclude it did not.

## I. Nonsuit and Improper Purpose

Rule 162 allows a plaintiff to nonsuit at any time before she has introduced all of her evidence other than rebuttal evidence. TEX. R. CIV. P. 162. The rule does not make a nonsuit improper merely because it is strategic. Nor does it require a plaintiff to explain why she nonsuited. The rule gives plaintiffs a broad procedural right to abandon claims before resting their case. *Aetna Casualty & Surety Co. v. Specia*, 849 S.W.2d 805, 806 (Tex. 1993). While the right is broad, it is not limitless. A nonsuit does not affect a pending claim for affirmative relief, and it does not impair the trial court's authority to decide collateral matters, including sanctions. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010).

The City relies on *Epps v. Fowler*, 351 S.W.3d 862 (Tex. 2011) to support its position that the nonsuit in this case was filed for an improper purpose and therefore subject to sanctions. We begin by recognizing the context in which *Epps* arose. *Epps* did not involve sanctions for filing a nonsuit for improper purpose. Rather, the *Epps* court addressed whether a defendant qualified as a prevailing party for purposes of recovering attorney's fees after the plaintiff nonsuited its claims. *Id*. at 868-71. While *Epps* is not factually identical to this case, it is instructive. The supreme court recognized that courts disfavor nonsuits filed to circumvent adverse legal restrictions or rulings, and identified circumstances that may support an inference that a litigant nonsuited to avoid an unfavorable ruling or consequence, including a nonsuit filed after a summary judgment motion, an unexcused failure to respond to discovery that could support an adverse judgment, a failure to timely identify experts or critical witnesses, or other procedural obstacles suggesting the defendant has effectively prevailed. *Id*. at 870–71.

Many of those factors are relevant here. Guzman's late disclosures were struck. She had not timely identified experts or witnesses, and the trial court refused to reopen discovery. Her nonsuit followed those rulings closely. The City therefore had a legitimate basis to argue Guzman nonsuited to avoid unfavorable legal consequences.

Importantly, though, *Epps* uses permissive rather than mandatory language. The supreme court explains that the circumstances surrounding a nonsuit "*may* support an inference" and "*may* suggest" improper purpose. *Id*. at 870–71 (emphasis added). This language emphasizes that *Epps* authorizes a trial court to draw an inference of improper purpose, but it does not require the court to draw such an inference in every case in which a nonsuit follows unfavorable rulings, nor does it compel a trial court to impose sanctions in such circumstances. *Cf.* TEX. GOV'T CODE ANN. § 311.016(1) (providing term "may" creates discretionary authority or grants permission or a power).

In *Dargin v. Noble Drilling Services* and *Lacy v. Castillo*, our sister court likewise declined to treat the existence of *Epps* factors as dispositive. *Dargin v. Noble Drilling Services*, 725 S.W.3d 749, 755-56 (Tex. App.—Houston [14th Dist.] 2025, pet. filed); *Lacy v. Castillo*, 580 S.W.3d 830, 837 (Tex. App.—Houston [14th Dist.] 2019, no pet.). Although the court recognized that sanctions may be appropriate when a litigant employs a nonsuit to avoid unfavorable rulings, it rejected the idea that a suspiciously timed nonsuit automatically requires dismissal-with-prejudice sanctions. *Id*.; *see Miramar Dev. Corp. v. Sisk*, No. 04-13-00777-CV, 2014 WL 1614290, at \*6 (Tex. App.—San Antonio Apr. 23, 2014, pet. denied) (mem. op.) (noting "the timing of a plaintiff's nonsuit, following a defendant's dispositive motion, does not in itself support an inference that the nonsuit was taken to avoid an unfavorable ruling." ).

Similarly, *Cox v. Vanderburg* demonstrates the other side of the same principle. In that case, the court affirmed the trial court finding that the plaintiffs took a nonsuit to avoid adverse rulings. *Cox v. Vanderburg*, No. 06-20-00078-CV, 2021 WL 4055487, at \*13 (Tex. App.—Texarkana Sept. 7, 2021, pet. denied) (mem. op.). Read together, *Epps*, *Dargin* and *Cox* illustrate that facts implying that a nonsuit was taken for an improper purpose do not eliminate the discretionary nature of the trial court's review. Just as a trial court may impose sanctions when it determines a litigant employed a nonsuit for an improper purpose, a trial court may also decline to impose sanctions when the record does not compel that conclusion. Whether facts exist that support an inference of improper purpose is part of a discretionary inquiry that is entrusted to the trial court. *See id*. at \*12.

Nevertheless, the City contends the record conclusively establishes Guzman nonsuited for an improper purpose. It points to the timing of the nonsuit, the severity of the discovery sanctions, Guzman's immediate refiling, and counsel's refusal to give any reason for the nonsuit other than

Guzman's asserted absolute right to do so. The City argues that these facts line up with the *Epps* factors and leave no room for any conclusion other than bad faith. We do not agree that the record requires that conclusion.

*Epps* does not make the motive of a nonsuit a brightline inquiry. The presence of one or more *Epps* factors permits an inference of improper purpose. But the factfinder must still evaluate the whole record. Here, the trial court could reasonably consider several countervailing facts. First, Guzman did not nonsuit before the trial court ruled on the City's no-evidence summary-judgment motion. The court had already granted partial summary judgment and had allowed Guzman's general negligence and respondeat superior claims to proceed. The claims Guzman nonsuited without prejudice were the claims that had survived summary judgment and were ordered to trial. Guzman emphasizes this point, arguing the nonsuit occurred after a favorable ruling that allowed her core claims to proceed, not before an adverse dispositive ruling.

The City responds that the impending adverse ruling was not the summary judgment but a likely directed verdict or jury verdict at trial. According to the City, the surviving claims were doomed because Guzman lacked admissible expert testimony and medical evidence to prove causation or damages. But the trial court could reasonably decline to consider that speculative argument for sanctions purposes. The trial court's denial of no-evidence summary judgment does not prove the claims were strong, but it does confirm the court had not determined they were meritless. Accordingly, the trial court was not required to determine that Guzman certainly would have lost at trial and nonsuited her surviving claims for that reason.

Further, the trial court could have reasonably considered the requested remedy disproportionate to the facts of the case. Even if Guzman's counsel mishandled discovery and sought to avoid the consequences, dismissal with prejudice is an extreme sanction. Texas law

requires sanctions to be directly related to the offensive conduct and no more severe than necessary to satisfy their legitimate purpose. *Spohn Hosp. v. Mayer*, 104 S.W.3d 878, 882–83 (Tex. 2003); *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991). The trial court could reasonably conclude the City had not shown that death penalty sanctions were justified.

The timing of Guzman's nonsuit and immediate refiling support an inference that Guzman sought to avoid the practical consequences of the trial court's discovery rulings. But while *Epps* permits such an inference, it does not require one. Our task is not to decide whether we would have imposed sanctions under the same circumstances. It is to decide whether the record compelled the trial court to impose the severe sanctions requested such that the refusal to do so was outside the zone of reasonable disagreement. We conclude that it did not.

## II. *Aetna Casualty & Surety Co. v. Specia*

We would be remiss if we did not address *Aetna Casualty & Surety Co. v. Specia*, 849 S.W.2d 805 (Tex. 1993), given the substantial attention the parties devote to its analysis. Guzman reads *Aetna* broadly, arguing that because *Aetna* recognizes that a plaintiff faced with adverse discovery rulings may elect to nonsuit and refile rather than proceed to trial under those constraints, her decision to nonsuit following discovery sanctions cannot, standing alone, establish sanctionable conduct. Conversely, the City argues that Guzman's decision to nonsuit and immediately refile to avoid discovery sanctions was itself sanctionable conduct. According to the City, *Aetna* addresses only whether prior discovery sanctions can be enforced in a refiled suit and cannot be read to authorize a plaintiff to nonsuit for the purpose of avoiding those sanctions.

Although *Aetna* holds that a discovery sanction excluding witnesses does not carry over into a refiled lawsuit, it should not be read as shielding every nonsuit from scrutiny simply because the avoided ruling was a discovery sanction. *See id*. at 807. *Aetna* did not involve a sanctions

request based on the alleged impropriety of such a nonsuit. It therefore does not resolve the *Epps* question presented here.

We do not view *Aetna* and *Epps* as contradictory, though. They address two different questions. *Aetna* addresses the effect of a nonsuit on discovery sanctions in a later-filed suit. *Epps* addresses whether a nonsuit may be so abusive or improperly motivated that sanctions are warranted in the original suit. These holdings coexist. A nonsuit may eliminate the effect of certain discovery sanctions under *Aetna*, while still leaving the trial court with authority to consider whether the nonsuit itself warrants sanctions.

In terms of this case, *Aetna* does not answer the improper purpose question, but it does provide additional support for the trial court's decision to deny the requested sanctions. Thus, while *Aetna* did not deprive the trial court of authority to consider sanctions, it reinforces our conclusion that the trial court acted within its discretion in declining to impose the case-ending sanctions the City requested.

**III. Sanctions Under Rule 13 or Chapter 10**

The City also argue that they are entitled to sanctions under both Rule 13 and Chapter 10 because the nonsuit was groundless, filed in bad faith, and filed for the improper purpose of avoiding discovery sanctions and increasing litigation costs. *See* TEX. R. CIV. P. 13; TEX. CIV. PRAC. & REM. CODE ANN. § 10.001. Although framed as a separate issue, his contention rests on the same premise as the City's *Epps* argument discussed above—that Guzman filed the nonsuit for an improper purpose. Because the trial court was not required to find improper purpose on this record, it likewise was not required to impose the sanctions the City requested.

Further, the lack of written findings in this case does not help the City enough to require reversal. The trial court held a hearing and then declined to grant sanctions. When a trial court

denies sanctions, we may affirm if the record supports a reasonable basis for the denial. *See Higginbotham v. Bonilla*, 727 S.W.3d 227, 232-34 (Tex. App.—Corpus Christi–Edinburg 2025, no pet.), reh'g denied (Dec. 23, 2025). Given Rule 162, *Aetna*, the discretionary nature of *Epps*, and the severity of the sanctions requested, the trial court's refusal to impose sanctions was within the zone of reasonable disagreement.

## CONCLUSION

While the timing of Guzman's nonsuit and immediate refiling understandably raised concern that Guzman sought to avoid the practical consequences of the trial court's discovery rulings, we find no abuse of discretion in the trial court's failure to impose sanctions.

The trial court's orders are affirmed.

H. Todd McCray, Justice