**Affirmed and Opinion filed December 19, 2023.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

### NO. 14-22-00676-CV

## BAGBY 3015, LLC, Appellant

### V.

## BAGBY HOUSE, LLC, TASTE BAR & KITCHEN LLC, AND ALL OTHER OCCUPANTS OF 3015 BAGBY, HOUSTON, TEXAS 77006, Appellees

**On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 1184882**

## O P I N I O N

In this forcible-entry-and-detainer case concerning commercial premises, the justice court dismissed the case for lack of jurisdiction and Landlord appealed by trial de novo to the county court at law. After one day of testimony, Landlord nonsuited its claim and the trial court granted Tenant's request for an award of attorney's fees, expenses, and court costs, and conditionally awarded Tenant appellate attorney's fees. Landlord appeals the monetary award.

We conclude that Tenant sufficiently pleaded for the award and the evidence is legally sufficient to support the trial court's finding that Tenant is the prevailing party. We further conclude that Landlord failed to preserve its complaint that Tenant failed to segregate its recoverable from its non-recoverable attorney's fees incurred in this suit. Finally, we hold that Texas Rule of Civil Procedure 510.11 authorizes a county court to conditionally award appellate attorney's fees for a further successful appeal of its judgment in an eviction case. We accordingly affirm the judgment.

## I. FACTS

Landlord Bagby 3015, LLC, leased premises to Tenant Bagby House, LLC, from which Tenant operated a restaurant and bar. The original term of the lease expired on January 31, 2022, but Tenant could renew it for an additional thirty-six months if it gave 180 days' notice. On November 9, 2021, Tenant wrote to Landlord, "Consider this my written notice to invoke my 'First Renewal Term". I look forward [to] another three years of growing with you." Landlord responded, "Likewise. It will only get better." Thereafter, Tenant paid or tendered base rent at the renewal rate of $11,000.00 per month, but Landlord maintained that Tenant was holding over and demanded base rent at the holdover rate of $20,000.00 per month.

After Landlord locked Tenant out and removed money from Tenant's on-premises safe, Tenant sued Landlord in district court. A few weeks later, Landlord filed this forcible-entry-and-detainer action against Tenant in justice court. Tenant asserted counterclaims in justice court for theft, trespass upon chattel, violations of the DTPA, breach of the implied warranty of quiet enjoyment, fraud, fraudulent inducement, breach of contract, and promissory estoppel. Tenant also asserted that the district court had dominant jurisdiction and asked the justice court either to dismiss the case or abate it until after the district court ruled. The justice court dismissed the case.

Landlord appealed by trial de novo to the county court at law, and Tenant asserted the same counterclaims, again asking the court to dismiss or abate the case. The trial court did neither, and the non-jury trial began on June 14, 2022. Tenant was still cross-examining the Landlord's principal Amir Ansari when the trial recessed for ten days. Fifteen minutes before trial was to resume on June 24, 2022, Landlord filed a notice of non-suit. Tenant stated that it had a pending claim for attorney's fees, and Landlord argued that the fee request had not been pleaded. The trial court held a hearing on attorney's fees, and Landlord argued that Tenant failed to segregate fees incurred in this case from fees incurred in Tenant's suit pending in district court.

The county court at law found that Tenant had a pending request for attorney's fees when Landlord nonsuited its eviction action. The court further found that Landlord nonsuited its claim to avoid an unfavorable ruling on the merits, and thus, Tenant is the prevailing party. Finally, the trial court awarded Tenant expenses of $1,473.76, trial attorney's fees of $104,800.00, and costs, and conditionally awarded Tenant appellate attorney's fees of up to $100,000.00.

## II. ISSUES PRESENTED

As we have reordered the issues, Landlord first argues that the county court at law erred in holding Landlord liable for Tenant's attorney's fees and expenses incurred in that court and in the justice court. Landlord asserts in its second issue that the award must be reversed because Tenant failed to segregate recoverable from non-recoverable fees. In its third issue, Landlord contends that the county court at law erred in conditionally awarding appellate attorney's fees, that is, fees for appeals to this court and to the Supreme Court of Texas.

## III. AVAILABILITY OF TRIAL ATTORNEY'S FEES

The county court at law states in its judgment that Tenant asked for an award "of its damages, fees, and costs as authorized by the operative lease, TRCP Rules 510.11 and 162, and the Texas Supreme Court in the case of *Epps v. Fowler*[1] and other cases cited therein." The court found that Landlord nonsuited its claims to avoid an unfavorable ruling on the merits, and thus, Tenant is the prevailing party. Our analysis of Landlord's challenge to these awards turns in part on the construction of statutes and rules. These present questions of law, which we review de novo. *See Morris v. Aguilar*, 369 S.W.3d 168, 171 n.4 (Tex. 2012) (per curiam).

### A. Tenant sufficiently pleaded for attorney's fees.

Landlord first argues that "Tenant's pleading did not give fair notice—or any notice—of a claim for fees under Rule 510.11."[2] Texas Rule of Civil Procedure 510.11 states that the prevailing party in an eviction suit may recover attorney's fees if "the requirements of Texas Property Code section 24.006 have been met." TEX. R. CIV. P. 510.11. As relevant here, Texas Property Code section 24.006(c) provides that "if a written lease entitles the landlord or the tenant to recover attorney's fees, the prevailing tenant is entitled to recover reasonable attorney's fees from the landlord. A prevailing tenant is not required to give notice in order to recover attorney's fees under this subsection." TEX. PROP. CODE § 24.006(c).

Landlord was already on notice that attorney's fees are recoverable, because Landlord pleaded for an award of its own fees under section 18.10 of the lease, a

---

[1] 351 S.W.3d 862 (Tex. 2011).

[2] This is a reference to Texas's "'fair notice' standard for pleading, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000).

copy of which Landlord appended to its pleading. And although section 24.006(c) of the Property Code does not negate a tenant's obligation to plead for attorney's fees, the pleading need not identify the statute to recover fees under it. It is sufficient that the tenant's factual allegations, if true, would entitle the tenant to recover the fees. *See Gibson v. Cuellar*, 440 S.W.3d 150, 156 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Mitchell v. LaFlamme*, 60 S.W.3d 123, 130 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

Citing *Kreighbaum v. Lester*, Landlord argues that in Tenant's original answer, Tenant pleaded for attorney's fees in connection with its counterclaims for breach of contract, theft, and deceptive trade practices, and therefore could not recover fees incurred in connection with Landlord's eviction claim. *See Kreighbaum v. Lester*, No. 05-06-01333-CV, 2007 WL 1829729, at *2 (Tex. App.—Dallas June 27, 2007, no pet.) (mem. op.) ("[W]hen a party pleads a specific ground for recovery of attorney's fees, the party is limited to that ground and cannot recover attorney's fees on another, unpleaded ground."). But, Tenant also filed a second amended verified supplemental answer in the county court at law. In that pleading, the Tenant alleged that it had paid or tendered all the rent that was due, and Tenant made a general request for attorney's fees, court costs, and expert witness fees without referring to any counterclaim.

Landlord asserts that we cannot consider this amended supplemental pleading because it was filed five days before trial without leave of court. *See* TEX. R. CIV. P. 63 (to file a pleading within seven days of trial, party must obtain leave of the judge, which must be granted absent a showing of surprise to the opposite party). But that is no barrier. We presume that the trial court granted leave and considered an amended pleading unless the record reveals some basis for concluding that the trial court did not consider it or that the party opposing the late filing has shown surprise

or prejudice. *See Goswami v. Metro. Sav. & Loan Ass'n*, 751 S.W.2d 487, 490 (Tex. 1988); *Horie v. Law Offices of Art Dula*, 560 S.W.3d 425, 431 (Tex. App.—Houston [14th Dist.] 2018, no pet.). Landlord points to nothing rebutting the presumption that the trial court permitted and considered the pleading.

Finally, Landlord contends that we should not consider Texas Property Code section 24.006 at all because the trial court stated that it awarded the fees pursuant to Texas Rules of Civil Procedure 162 and 510.11. Rule 162 simply provides that a nonsuit does not prejudice an adverse party's right to be heard on a pending claim for affirmative relief, and we conclude that Tenant adequately pleaded for attorney's fees, expenses and costs before Landlord's nonsuit. Finally, as previously mentioned, Rule 510.11 requires a court to determine whether section 24.006's requirements have been satisfied because compliance with the statute is a precondition for recovery of fees under the rule. *See* TEX. R. CIV. P. 510.11. Thus, a fee award under Rule 510.11 also is necessarily an award under section 24.006 of the Property Code.

We conclude that the requirements of Rule 162, Rule 510.11, and Texas Property Code section 24.006(c) have been satisfied and that Tenant adequately pleaded to recover its attorney's fees incurred in defending its possession of the premises. It accordingly is unnecessary to consider Landlord's alternative argument that the trial court lacked jurisdiction to award attorney's fees in connection with Tenant's breach-of-contract counterclaim.

**B.      Legally sufficient evidence supports the trial court's finding that Tenant is the prevailing party.**

Landlord next argues that the fee award must be reversed because Tenant is not a prevailing party. In the usual case, a "prevailing party" is one that successfully prosecutes, or defends against, a claim. But in *Epps v. Fowler*, the Supreme Court

of Texas held that "a defendant may be a prevailing party when a plaintiff nonsuits without prejudice if the trial court determines, on the defendant's motion, that the nonsuit was taken to avoid an unfavorable ruling on the merits." 351 S.W.3d 862, 870 (Tex. 2011). To make that determination, the trial court considers factors that "signal that the defendant has prevailed over the plaintiff." *Id.* at 871. Thus, to conclude that Landlord nonsuited its eviction suit to avoid losing the case on the merits, the county court at law necessarily assessed the merits of the case and found that "defendant has prevailed."

Whether a party nonsuited to avoid an adverse ruling is a question of fact. *N. Star Water Logic, LLC v. Ecolotron, Inc.*, 486 S.W.3d 102, 105 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Because this is an issue on which Tenant bore the burden of proof, we will sustain Landlord's legal-sufficiency challenge to the adverse finding only if there is no more than a scintilla of supporting evidence. *See Burbage v. Burbage*, 447 S.W.3d 249, 259 (Tex. 2014).[3] To make that determination, we review the evidence in the light favorable to the trial court's findings, crediting favorable evidence if a reasonable factfinder could and disregarding contrary evidence unless a reasonable factfinder could not. *See City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005).

According to Landlord, the prevailing-party finding is wrong because the evidence conclusively established that, absent Landlord's nonsuit, the trial would

---

[3] As a general rule, we lack jurisdiction to review "the issue of possession" unless the premises were used only for residential purposes. TEX. PROP. CODE § 24.007. Here, however, Landlord nonsuited its claim for possession, and the county court at law made its prevailing-party finding solely in connection with Tenant's claim for damages. Under these circumstances, we have jurisdiction to review the prevailing-party finding. *See, e.g.*, *Northside Pharmacy, LLC v. AMJ Inv., LLC*, No. 14-19-00094-CV, 2021 WL 330067, at *1 (Tex. App.—Houston [14th Dist.] Feb. 2, 2021, no pet.) (mem. op.) (reviewing county court at law's failure to find that commercial tenant was the prevailing party under *Epps* after landlord nonsuited claim for possession).

have ended in a judgment on the merits in Landlord's favor. Stated differently, Landlord contends that Tenant is not the prevailing party because Landlord, not Tenant, is entitled to actual and immediate possession of the premises as a matter of law. *See Greer v. JP Morgan Mortg. Acquisition Corp.*, No. 14-21-00583-CV, 2023 WL 2659099, at \*2 (Tex. App.—Houston [14th Dist.] Mar. 28, 2023, pet. denied) ("The sole issue to be determined in a forcible detainer action is the entitlement to actual and immediate possession . . . ."). This is so, Landlord argues, because Tenant did not give written notice of its intent to renew the lease until November 9, 2021— less than the 180 days' notice the lease required. Landlord contends that this delay forever foreclosed Tenant from renewing the lease.

But it is well-established that waiver can be established by conduct "unequivocally inconsistent with claiming a known right." *Van Indep. Sch. Dist. v. McCarty*, 165 S.W.3d 351, 353 (Tex. 2005). On November 9th, Tenant's principal Don Bowie emailed Landlord's principal Amir Ansari , "Consider this my written notice to invoke my "First Renewal Term". I look forward [to] another three years of growing with you." Twenty minutes later, Ansari replied, "Likewise. It will only get better." Each email contained the sender's electronic signature. Ansari admitted at trial that he could have responded, "Sorry, it's too late," and that he did not. He further admitted that he expected Tenant to stay on the leased premises and to continue paying rent.

Although Ansari asked Bowie in the same email what rates Bowie was proposing for the renewal term, the lease itself states that base rent during the first renewal term will be the greater of (1) 10% over the base rent in the preceding twelve months, or (2) fair market value. Tenant's monthly rent before the original term of the lease expired had been $10,000, and Ansari admitted that Tenant paid $11,000 as rent in January 2022, and that Ansari "knowingly accepted $11,000." Ansari

8

initially accepted a further $22,000—sufficient to pay Tenant's renewal rate for February and March of 2022.[4] But, Ansari later wrote to Tenant that Landlord had to return that money because, in Ansari's words, "My lawyer says if I keep this money, we're f*cked."

These admissions came during Ansari's cross-examination, which had not been completed by the time that trial recessed on June 14, 2022. Trial was to resume on June 24, 2022. The afternoon before that date, Landlord filed notices of appearance that added two additional attorneys to its trial team. The next day— fifteen minutes before cross-examination was to resume—one of Landlord's new attorneys filed a notice of nonsuit. When asked what factors the lawyer considered in deciding to nonsuit, he stated that "there was an interesting and uncertain projected appellate outcome."

On this record, we conclude that legally sufficient evidence supports the county court at law's finding that Landlord nonsuited its eviction claim to avoid an unfavorable ruling on the merits, and thus, Tenant is the prevailing party for the purpose of recovering attorney's fees. We overrule Landlord's first issue.

## IV. FEE SEGREGATION

It is well-established that "if any attorney's fees relate solely to a claim for which such fees are unrecoverable, a claimant must segregate recoverable from unrecoverable fees." *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 313 (Tex. 2006). In Landlord's second issue, it asks for a new trial on attorney's fees because Tenant failed to properly segregate fees Tenant incurred in defending its possession of the premises from the fees Tenant incurred in litigating its counterclaims. Tenant responds that Landlord failed to preserve this complaint. We agree with Tenant.

---

[4] Tenant alleged that it was already paid up for more than a month in advance at that time.

Tenant does not dispute that it was required to segregate its fees and expenses. At the fee hearing, Tenant represented to the county court at law that Tenant had segregated the fees incurred in this forcible-entry-and-detainer action from the fees incurred in Tenant's parallel suit in district court. Landlord disputed this. Landlord's attorney Leonard Meyer testified that one could not tell whether the fees in the two cases had been segregated without first reviewing Tenant's contract with its counsel and records "of how those fees were segregated."

On appeal, however, Landlord expressly disclaims the only complaint it raised in the trial court, stating, "Landlord does not complain that the Trial Court awarded fees incurred in the district court proceeding." Instead, Landlord argues for the first time that the award includes "fees incurred in the county court as part of Tenant's counterclaims." Landlord was required raise that complaint in the trial court, because "if no one objects to the fact that the attorney's fees are not segregated *as to specific claims*, then the objection is waived." *Green Int'l., Inc. v. Solis*, 951 S.W.2d 384, 389 (Tex. 1997) (emphasis added). In the trial court, Landlord did not object that Tenant failed to segregate fees incurred in this suit in connection with the eviction claim from fees incurred in this suit in prosecuting Tenant's counterclaims. Moreover, Landlord affirmatively stated it had no objection to the admission of Tenant's attorneys' billing and expense records. These records did not segregate fees for incurred to defend possession from fees incurred to pursue counterclaims.

Because Landlord waived this complaint, we overrule Landlord's second issue.

## V. CONDITIONAL AWARD OF APPELLATE ATTORNEY'S FEES

Landlord argues in its third issue that the county court at law erred in conditionally awarding Tenant appellate attorney's fees. Rule 510.11 authorizes the county court to award the prevailing party "damages, if any, suffered for withholding

or defending possession of the premises during the pendency of the appeal. Damages may include but are not limited to . . . fees in the justice and county courts . . . ." Tex. R. Civ. P. 510.11. According to Landlord, Texas Rule of Civil Procedure 510.11 authorizes a county court to shift the prevailing party's attorney's fees only if incurred during the appeal by trial de novo to the county court; however, Landlord seeks reversal only of the conditional award of attorney's fees expected to be incurred in Landlord's appeal of the county court's judgment.

This appears to be a matter of first impression, as we have found no case in which a party challenged a county court's conditional award of fees for further appeals on the ground that Rule 510.11 does not authorize such an award. The Thirteenth Court of Appeals has reviewed the legal sufficiency of the evidence supporting a conditional award of appellate attorney's fees, but in those cases, the appellant did not argue that Rule 510.11 did not authorize the award.[5] The Third Court of Appeals has stated that the party prevailing in the county court can recover only those damages "incurred during the time period from which the justice court renders judgment to the time the county court renders judgment,"[6] but such statements were made in cases that did not include a challenge to an award of appellate attorney's fees. With the issue now squarely before us, we conclude that

---

[5] *See, e.g.*, *Arevalo v. Llamas*, No. 13-20-00497-CV, 2022 WL 3264628, at *9, *10 (Tex. App.—Corpus Christi–Edinburg Aug. 11, 2022, no pet.) (mem. op.) (stating in dicta the general proposition that an award of attorney's fees may include appellate attorney's fees but reversing the award under Rule 510.11 for legally insufficient evidence); *Mendez v. Remanente LLC*, No. 13-15-00529-CV, 2017 WL 1380529, at *3 (Tex. App.—Corpus Christi–Edinburg Feb. 2, 2017, no pet.) (mem. op.) (reversing county court's award under Rule 510.11 of both trial and appellate fees for legally insufficient evidence).

[6] *See, e.g.*, *Adams v. Godhania*, 635 S.W.3d 454, 459–60 (Tex. App.—Austin 2021, pet. denied) (op. on reh'g) (quoting *Allen-Mercer v. Roscoe Props.*, No. 03-15-00674-CV, 2016 WL 4506294, at *4 (Tex. App.—Austin Aug. 25, 2016, no pet.) (mem. op.)); *see also Carlson's Hill Country Beverage v. Westinghouse Rd. Joint Venture*, 957 S.W.2d 951, 954–55 (Tex. App.—Austin 1997, no pet.) (stating that Rule 510.11 authorized county court to award damages for lost rent only for the period between the justice court's judgment and the county court's judgment).

Rule 510.11 authorizes a county court to award reasonable attorney's fees—including a conditional award of appellate attorney's fees.

The history of the Rule supports this interpretation. The pertinent language of Rule 510.11 originated with article 3990 of Title 64 of the Revised Civil Statutes of 1925, which read as follows:

> On the trial of the cause in the county court the appellant shall be permitted to prove the damages for withholding the possession of the premises from the appellee during the pendency of the appeal and for *the reasonable expenses of the appellee in prosecuting or defending the cause in the county court . . . .*[7]

An amendment two years later introduced an apparent scrivener's error, so that "the appellee" could recover damages for withholding possession "from the appellee."[8] Effective in 1941, the text was incorporated without change into the original rules of civil procedure as Rule 752,[9] but the clerical error was corrected when Rule 752 was amended in 1943 to permit "the appellant or appellee" to recover damages.[10] Through all of these iterations, attorney's fees were limited to "all necessary and reasonable expenses incurred in prosecuting or defending the cause in the county court."

This history illustrates that the Supreme Court of Texas, like the legislature before it, knew how to limit an attorney-fee award to those fees incurred in specific courts if it chose to do so. But beginning in 1976, the court amended Rule 752 to

---

[7] Emphasis added.

[8] Act of Feb. 21, 1927, 40th Leg., R.S., ch. 51, § 1, 1927 TEX. GEN. LAWS 74, 75.

[9] Supreme Court of Texas, *Order of the Supreme Court of Texas Adopting Rules of Practice and Procedure Governing Civil Actions in the Various Courts of This State*, 3 TEX. B.J. 522, 641 (Dec. 1940).

[10] Supreme Court of Texas, *Rules of Practice and Procedure in Civil Actions*, 6 TEX. B.J. 327, 445 (Oct. 1943).

omit that language, and we presume that the change was deliberate and purposeful. *Cf. State v. Eversole*, 889 S.W.2d 418, 425 (Tex. App.—Houston [14th Dist.] 1994, pet. denied) (applying this canon of construction to the legislature's amendment of a statute). As amended, Rule 752 stated, "Damages *may include but are not limited to* loss of rentals during the pendency of the appeal and reasonable attorney fees in the justice and county courts."[11] The word "include" is a term of enlargement and not of limitation. *See Group v. Vicento*, 164 S.W.3d 724, 731 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (discussing the meaning of "include" under the Code Construction Act); *El Paso Elec. Co. v. Safeway Stores*, 257 S.W.2d 502, 506 (Tex. App.—El Paso 1953, writ ref'd n.r.e.) (discussing the word's generally accepted meaning). And this new, more expansive language was retained when the Rule was amended[12] and when a reorganization caused it to be renumbered as Rule 510.11.[13]

Landlord also relies on the first sentence of Rule 510.11: "On the trial of the case in the county court the appellant or appellee will be permitted to plead, prove and recover his damages, if any, suffered for withholding or defending his possession of the premises during the pendency of the appeal." Because attorney's fees are listed among recoverable damages, Landlord argues that the only recoverable attorney's fees are those incurred during the appeal by trial de novo in the county court. But this is contradicted by the rule's plain language, which expressly permits a party to recover attorney's fees it incurred during the original

---

[11] Supreme Court of Texas, *Civil Procedure Rules Amended - Official Court Order*, 38 TEX. B.J. 823, 833 (Oct. 1975) (emphasis added).

[12] Supreme Court of Texas, *Order Adopting and Amending Texas Rules of Civil Procedure*, 50 TEX. B.J. 850, 870 (Sept. 1987).

[13] Supreme Court of Texas, Misc. Docket No. 13-9049, *Final Approval of Rules for Justice Court Cases*, 76 TEX. B.J. 439, 469 (May 2013).

trial in the justice court, before any appeal.[14] Thus, taking the rule in its entirety, the party prevailing in the county court not only can recover reasonable and necessary attorney's fees incurred during its successful prosecution or defense of an appeal before a reviewing court but also can recover fees incurred in trying the case before fact-finding courts such as the justice and county courts.

We accordingly overrule Landlord's challenge to that portion of the judgment conditionally awarding Tenant appellate attorney's fees.

## VI. CONCLUSION

Having overruled each of the issues presented and preserved for review, we affirm the judgment of the county court at law.

/s/    Tracy Christopher
        Chief Justice

Panel consists of Chief Justice Christopher and Justices Bourliot and Hassan.

---

[14] Citing *Standiford v. CitiMortgage, Inc.*, No. 14-20-00725-CV, 2022 WL 2721359 (Tex. App.—Houston [14th Dist.] July 14, 2022, no pet.) (mem. op.), Landlord asserts that we previously interpreted Rule 510.11 to authorize recovery only of attorney's fees incurred in the county court. But as we pointed out in that opinion, the *Standiford* case was transferred to us from the Third Court of Appeals, and we accordingly were bound to apply that court's precedent. *Id.* at *1 n.1. We stated, "Less than a year ago, the Third Court of Appeals issued a binding opinion that addressed the same argument as raised by the Standifords." *Id.* at *2 (citing *Adams v. Godhania*, 635 S.W.3d 454, 457–58 (Tex. App.—Austin 2021, pet. denied) (op. on reh'g)). We therefore applied that precedent. But neither *Standiford* nor *Adams* included a challenge to an award of appellate attorney's fees; those cases instead dealt with the need for evidence of damages from withholding possession during an appeal before releasing funds for that purpose from a supersedeas bond Although the Third Court of Appeals has stated that Rule 510.11 authorizes an award of only those damages incurred during the interval between the justice court's judgment and the county court's judgment, we disagree for the reasons explained above.