**NORTH STAR WATER LOGIC, LLC, Appellant**

v.

**ECOLOTRON, INC., Appellee**

**NO. 14–14–00972–CV**

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed February 2, 2016

Russ Lambert, Farmers Branch, TX, for Appellant.

Amy Rose Shugart Oliver, Clear Lake, Shores, TX, George William Vie, III, Houston, TX, for Appellee.

Panel consists of Justices Boyce, McCally, and Donovan.

## OPINION

William J. Boyce, Justice

North Star Water Logic, LLC appeals from the trial court's order denying North Star's request for attorney's fees after Ecolotron, Inc. nonsuited its claims against North Star without prejudice. We affirm.

### BACKGROUND

North Star, a water processing company, signed a contract with Ecolotron to lease electrocoagulation equipment used in water processing applications. North Star made monthly lease payments under the contract until the equipment was destroyed in a fire. Ecolotron promptly replaced the equipment, but the parties disagreed about whether the replacement equipment was of the same quality as the initial equipment. North Star made no lease payments for the remaining four months of the contract.

Ecolotron sued North Star to recover the unpaid lease amounts. North Star answered and asserted the affirmative defense of prior breach, contending that Ecolotron breached the contract first by providing faulty equipment in violation of the contract's warranty provision. North Star asserted no counterclaims.

The litigation proceeded for more than a year, during which the parties appeared before the trial court several times on discovery disputes. In late 2014, Ecolotron moved for summary judgment and North Star moved for sanctions based on discovery abuse. The trial court denied Ecolotron's motion for summary judgment and granted North Star's motion for sanctions after a hearing on October 20, 2014. In its order granting sanctions, signed the same day, the trial court ordered that Ecolotron was "not to bring up or discuss or mention issues related to the cause of the fire in the [equipment] that is the subject of this suit; more precisely described in the court reporter's record." In line with its order granting sanctions, the trial court signed a second order on October 23, 2014, directing that Ecolotron would be prohibited from discussing or presenting evidence at trial that North Star contributed in any way to the failure of the equipment [1] and from otherwise arguing that the equipment had no defects.[2]

Ecolotron nonsuited all of its claims against North Star on October 28, 2014— approximately two weeks before the November 10, 2014 trial setting. After Ecolotron had nonsuited and the case had been dismissed, North Star filed a motion seeking its attorney's fees. The trial court heard and denied North Star's request for attorney's fees. This appeal followed.

### STANDARD OF REVIEW

■ Whether attorney's fees are available under a particular statute is a question of law that we review *de novo*. *Holland v. Wal–Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex.1999).

---

1. Ecolotron argued in its motion for summary judgment that North Star employees had improperly connected the equipment to a generator, causing the equipment to catch fire.

2. It was undisputed that the equipment burned, but Ecolotron contended there was no evidence of a defect with the equipment that would support North Star's breach of warranty argument.

We generally review a trial court's award of attorney's fees for an abuse of discretion. *See Polansky v. Berenji*, 393 S.W.3d 362, 367 (Tex.App.—Austin 2012, no pet.); *see also Cajun Constructors, Inc. v. Velasco Drainage Dist.*, 380 S.W.3d 819, 826 (Tex.App.—Houston [14th Dist.] 2012, pet. denied) ("We review an award of attorney's fees on the basis of breach of contract for an abuse of discretion."). There is some uncertainty, however, as to the standard of review we employ when reviewing a trial court's decision to grant or deny attorney's fees under a "prevailing party" clause in a contract when the plaintiff has nonsuited its claims. *See Bhatia v. Woodlands N. Houston Heart Ctr., PLLC*, 396 S.W.3d 658, 670 n.14 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). As this court has previously noted:

> Because the contract language is mandatory, we would typically review the trial court's decision on whether to award fees under a de novo standard.... However, it is unclear in the existing caselaw whether the trial court's determination of whether a particular party was a prevailing party should be reviewed under a de novo or abuse of discretion standard. In its two recent cases discussing prevailing parties in this context, the Texas Supreme Court did not state a standard of review, and its analysis does not clearly employ one standard or the other. *Epps v. Fowler*, 351 S.W.3d 862 (Tex.2011); *Intercont'l Group P'ship [v. KB Home Lone Star L.P.]*, 295 S.W.3d 650 [ (Tex.2009) ]. We have found no court of appeals opinion squarely addressing this issue. Courts have stated inconsistent standards. *Compare Johnson v. Smith*, No. 07–10–00017–CV, 2012 WL 140654, at *2 (Tex. App.—Amarillo Jan. 18, 2012, no pet.) ("Whether a party is entitled to recover attorney's fees is a question of law for the trial court which we review *de*

*novo.*"), with *Intercont'l Group P'ship v. KB Home Lone Star LP*, 295 S.W.3d 668 (Tex.App.—Corpus Christi) ("Both parties agree that an award of attorneys' fees is reviewed under an abuse of discretion standard."), *rev'd*, 295 S.W.3d 650 (Tex.2009). We note that in a very similar context, the allocation of court costs to the "successful party" under Texas Rule of Civil Procedure 131, the trial court has discretion in determining which party should receive costs, even though the rule is mandatory. *See* Tex.R. Civ. P. 131; *Sterling Bank v. Willard M, L.L.C.*, 221 S.W.3d 121, 125 (Tex.App.—Houston [14th Dist.] 2006, no pet.).

*Id.* Because our holding was the same regardless of which standard we employed, we did not determine the definitive standard of review at that time. *Id.*

With the issue squarely before us now, we determine that a mixed standard applies. *See Referente v. City View Courtyard, L.P.*, 477 S.W.3d 882, 885–86 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (reviewing the trial court's determination that party nonsuited to avoid a favorable ruling for an abuse of discretion and deferring to factual findings that are supported by some evidence, but reviewing legal questions involved in the determination *de novo*). Accordingly, whether a party nonsuited to avoid an unfavorable ruling is a question of fact, which we review for an abuse of discretion, but we review any legal determinations, such as whether the suit had an arguable basis in law, *de novo*. *See id.*

## ANALYSIS

North Star contends: (1) it was entitled to its attorney's fees for successfully defending the suit, as stipulated in the contract between the parties; and (2) an award of fees was proper "based upon the

'prevailing party' standard set forth in Texas common law because Ecolotron chose a nonsuit days before trial in order to avoid an unfavorable judgment."

### I. North Star did not Timely Present a Claim for Attorney's Fees

 Texas Rule of Civil Procedure 162 provides that a plaintiff may nonsuit at any time before introducing all of his evidence other than rebuttal evidence. Tex.R. Civ. P. 162. "The plaintiff's right to take a nonsuit is *unqualified and absolute* as long as the defendant has not made a claim for affirmative relief." *BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 840 (Tex.1990) (orig.proceeding) (emphasis in original). A nonsuit terminates the case from the moment the nonsuit is filed, but does not affect any pending claim for affirmative relief or motion for attorney's fees or sanctions. *Epps v. Fowler*, 351 S.W.3d 862, 868 (Tex.2011).

 Texas adheres to the American Rule with respect to attorney's fees, meaning litigants may recover attorney's fees only if specifically provided for by statute or contract. *Id.* at 865. At the time of Ecolotron's nonsuit, North Star had no pending claims for affirmative relief and had not pleaded a claim for attorney's fees pursuant to the parties' contract.[3] North Star first requested attorney's fees based on the parties' contract in its motion seeking attorney's fees, which was filed after Ecolotron nonsuited its claims and the suit was dismissed. Accordingly, North Star did not preserve the issue of its entitlement to attorney's fees under the contract for appeal. *See Intercontinental Grp.*

P'ship v. KB Home Lone Star L.P., 295 S.W.3d 650, 658–59 (Tex.2009) ("Intercontinental's lone pleading requesting attorney's fees is its original counterclaim, where it asserts Chapter 38, not the written contract, as a basis for recovering fees related to its oral-contract counterclaim.... Intercontinental has certainly waived its rights to recover fees under the contract. Intercontinental did not plead for attorney's fees under the contract, and never sought to amend its pleadings to do so."); *see also Peterson Grp., Inc. v. PLTQ Lotus Grp., L.P.*, 417 S.W.3d 46, 61 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (where defendants countersued on breach of contract claim but only pleaded entitlement to attorney's fees under Chapter 38 of Texas Civil Practice and Remedies Code, defendants could not recover under contract's "prevailing party" provision).

 Moreover, an award of attorney's fees pursuant to statute would not have been appropriate. In its original answer, North Star included a section called "Attorneys' Fees" that requested attorney's fees under Chapters 37 and 38 of the Texas Civil Practice and Remedies Code. As discussed below, however, North Star could not recover under either Chapter 37 or Chapter 38 without asserting an affirmative claim for relief. North Star did not do so.

Chapter 37 of the Texas Civil Practice and Remedies Code—the Uniform Declaratory Judgments Act ("UDJA")—allows the trial court to award reasonable attorney's fees. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001, 37.009 (Vernon

---

3. In its original answer, North Star included a section titled "Attorneys' Fees" that stated in its entirety: "[North Star] seeks attorneys' fees under *Tex. Civ. Prac. & Rem.Code* Chapters 37 and 38 as Plaintiff Breached the Contract." North Star did not file a counterclaim

for attorney's fees pursuant to the contract. *See, e.g., Referente*, 477 S.W.3d at 884 ("Appellees counterclaimed for attorney fees, court[ ] costs, and pre- and post-judgment interest pursuant to Paragraph 17 of the contract.").

2015). However, neither Ecolotron nor North Star asserted a claim under the UDJA seeking declaratory relief. Even construing North Star's answer as attempting to plead an affirmative claim for relief under the UDJA,[4] a claim under the UDJA made for the sole purpose of seeking attorney's fees is impermissible.[5] *Tanglewood Homes Ass'n, Inc. v. Feldman,* 436 S.W.3d 48, 60 (Tex.App.— Houston [14th Dist.] 2014, pet. denied).

Likewise, Chapter 38 of the Texas Civil Practice and Remedies Code provides that "[a] person may recover reasonable attorney's fees . . . if the claim is for . . . an oral or written contract." Tex. Civ. Prac. & Rem.Code Ann. § 38.001(8) (Vernon 2015). "Chapter 38 does not provide for recovery of attorneys' fees by defendants who only defend against a plaintiff's contract claim and do not present their own contract claim." *Polansky,* 393 S.W.3d at 368. Because North Star did not assert a counterclaim for breach of contract, it could not recover attorney's fees under Chapter 38. *See id.* (where defendants "made no claim for damages connected with the underlying contract; they answered the Polanskys' breach-of-contract claim with a general denial and did not present any claim of their own," court of appeals concluded that trial court's award of attorney's fees under chapter 38 was an abuse of discretion); *see also Green Int'l, Inc. v. Solis,* 951 S.W.2d 384, 390 (Tex.1997) ("To recover attorney's fees under Section 38.001, a party must (1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages.").

## II. No Fee Entitlement Based on Contract

Even if North Star had preserved its claim for attorney's fees under the contract, the trial court did not abuse its discretion by denying the requested attorney's fees.

Section 3.08 of the contract between North Star and Ecolotron provided:

> 3.08 *Attorney Fees and Expenses for Enforcement.* Reasonable attorney's fees and expenses incurred by a Party in successfully prosecuting or defending a suit under this Lease against the other Party, or the other Party's estate, will be recoverable by the successful Party in such action.

North Star contends, based on Ecolotron's nonsuit without prejudice, that it has successfully defended the suit under section 3.08 of the contract. The contract does not define "successful Party" or otherwise provide any guidance for determining whether a party successfully prosecutes or defends a suit.

As an initial matter, North Star contends that "the Lease Agreement sets out a different standard [than] that of the 'prevailing party' found across case law." North Star argues that "the intent of the Parties was clearly to set a lower standard than a 'prevailing party' because the Parties to the Lease chose to use the words 'successfully defend' rather than 'prevailing party.'" North Star does not cite, and we have not identified, any authority supporting North Star's proposition that the terms "successful party" and "successfully

---

**4.** It is unlikely that North Star could have asserted a UDJA claim from a purely defensive position. *See BHP Petroleum Co.,* 800 S.W.2d at 841 ("The Declaratory Judgments Act is 'not available to settle disputes already pending before a court.'").

**5.** Nor would such a claim deprive Ecolotron of its absolute right to nonsuit. *See BHP Petroleum Co.,* 800 S.W.2d at 841 ("The use of creative pleading that merely restates defenses in the form of a declaratory judgment action cannot deprive the plaintiff of [the right to nonsuit].").

prosecuting or defending a suit" establish a lower burden than does "prevailing party." We conclude that no material distinction exists between "successful party" and "successfully prosecuting or defending a suit," as used in the North Star/Ecolotron contract, and "prevailing party" as used elsewhere in caselaw. *See, e.g., Wibbenmeyer v. TechTerra Commc'ns, Inc.,* No. 03–09–00122–CV, 2010 WL 1173072, at *6 (Tex.App.—Austin Mar. 26, 2010, pet. denied) (mem.op.) ("Black's Law Dictionary equates 'prevailing party' with 'successful party,' ..."); *Doolin's Harley–Davidson, Inc. v. Young,* No. 06–05–00101–CV, 2006 WL 27983, at *3 (Tex.App.—Texarkana Jan. 6, 2006, no pet.) (mem.op.) ("A determination of whether a party is the prevailing or successful party 'must be based upon success on the merits....' "); *Robbins v. Capozzi,* 100 S.W.3d 18, 27 (Tex. App.—Tyler 2002, no pet.) ("A 'prevailing party' successfully prosecutes or defends against an action, prevailing on the main issue, even if not to the extent of his or her original contention.").

North Star's contention that it successfully defended the suit is premised on Ecolotron's nonsuit without prejudice shortly after the trial court granted sanctions and excluded certain evidence. In *Epps v. Fowler,* the Texas Supreme Court considered whether a defendant is a prevailing party entitled to attorney's fees when the plaintiff nonsuits a claim without prejudice. 351 S.W.3d at 864. The court first noted that a defendant is considered a prevailing party when a plaintiff nonsuits a case with prejudice because "a nonsuit with prejudice works a permanent, inalterable change in the parties' legal relationship to the defendant's benefit: the defendant can never again be sued by the plaintiff or its privies for claims arising out of the same subject matter." *Id.* at 868–69.

In contrast, the court noted, a nonsuit without prejudice works no such change in the parties' legal relationship. *Id.* at 869. Therefore, a defendant generally is not considered a prevailing party when the plaintiff nonsuits a claim without prejudice. *See id.*

■ Identifying an exception to the general rule, the court held that "a defendant may be a prevailing party when a plaintiff nonsuits without prejudice if the trial court determines, on the defendant's motion, that the nonsuit was taken to avoid an unfavorable ruling on the merits." *Id.* at 870. The supreme court identified several factors that may support an inference that a plaintiff nonsuited to avoid an unfavorable ruling: (1) a plaintiff's nonsuit after a defendant files a motion for summary judgment; (2) a plaintiff's failure to respond to requests for admission or other discovery that could support an adverse judgment; (3) a plaintiff's failure to timely identify experts or other critical witnesses; and (4) the existence of other procedural obstacles that could defeat the plaintiff's claim, such as an inability to join necessary parties. *Id.* at 870–71; *see also Referente,* 477 S.W.3d at 886. On the other hand, "evidence that the suit was not without merit when filed may indicate that the defendant has not prevailed and is therefore not entitled to attorney's fees." *Epps,* 351 S.W.3d at 871. In determining whether a nonsuit was filed to avoid an unfavorable ruling, courts should rely as far as possible on the existing record and affidavits, and resort to live testimony only in rare instances. *Id.* at 870.

At the conclusion of the hearing on North Star's motion for attorney's fees, the trial court denied North Star's request for fees, stating:

THE COURT: Here is the deal. The contract says "successful." The definition you handed me, not the highlighted

portion you gave me but above that, it says "successful" is defined as having the correct result. In my mind they had a valid claim, based on what I know about this case, and it sounds like they ran into, I guess, scenarios they weren't prepared for in bringing it in terms of expense. The case law you handed me, Epps, requires that I make some kind of finding as to why they nonsuited it, whether or not it was to avoid an unfavorable ruling. I don't see that as being the reason. So based on the contract definition of "success," given the facts as I know them and the Epps[] case, I don't think that they have triggered either of these to owe the attorney's fees so I'm going to deny the claim or the motion. And that ought to provide a record enough for any appellate purposes, I guess.

North Star did not request findings of fact or conclusions of law after the trial court denied its motion.

 Ecolotron nonsuited its claims approximately one week after the trial court signed orders limiting Ecolotron's ability to introduce certain evidence pertaining to North Star's prior breach affirmative defense, and approximately two weeks before trial. The orders did not impose death penalty sanctions and did not prohibit Ecolotron from presenting evidence at trial regarding North Star's failure to make payments under the contract. Moreover, the trial court specifically noted that Ecolotron had a valid claim—a factor weighing against the award of attorney's fees.[6] *See id.* at 871.

Additionally, in finding that Ecolotron did not nonsuit to avoid an unfavorable outcome, the trial court found that

Ecolotron "ran into, I guess, scenarios they weren't prepared for in bringing it in terms of expense." This finding is supported by Ecolotron's counsel's statements during the attorney's fees hearing that "we have a very small company and we have to make money and we couldn't be there for the depositions and we made a strategic and financial decision to nonsuit the case and try it again on another day," and "[i]t's been a very expensive case for a very small plaintiff." As the supreme court stated in *Epps*, trial courts should rely on live testimony only in rare instances. *Id.* at 870. But where, as here, the plaintiff is not put on notice that attorney's fees are at issue—and therefore that the plaintiff's reason for nonsuiting may be at issue—until after the nonsuit has occurred, the plaintiff has had no cause to introduce evidence explaining that a nonsuit was taken for a reason other than to avoid an unfavorable outcome.

Under these circumstances, the trial court did not err by basing its decision, in part, on counsel's statements during the attorney's fees hearing that there were monetary reasons behind the nonsuit. Based on the foregoing, the trial court's denial of attorney's fees was within the zone of reasonable disagreement, and we conclude the trial court did not abuse its discretion in denying North Star's requested attorney's fees.

### CONCLUSION

Having overruled North Star's issues, we affirm the judgment of the trial court.

---

6. We review *de novo* the legal question of whether a suit had an arguable basis in law. *See Referente,* 477 S.W.3d at 886. Like the trial court, we conclude that Ecolotron's suit had an arguable basis in law.