**Affirmed and Memorandum Opinion filed February 2, 2021.**



In the

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## NO. 14-19-00094-CV

**NORTHSIDE PHARMACY, LLC, Appellant**

**v.**

**AMJ INVESTMENT, LLC, Appellee**

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Cause No. 1118523**

### MEMORANDUM OPINION

Appellee AMJ Investment, LLC filed a petition for forcible detainer in Harris County Justice Court seeking to evict appellant Northside Pharmacy, LLC from a property owned by AMJ and leased to Northside. Before trial, AMJ non-suited without prejudice. Northside filed a motion for attorney's fees, which the justice court denied. *See* Tex. R. Civ. P. 162. Northside appealed to County Court at Law No. 1 of Harris County. *See* Tex. R. Civ. P. 510.9. After a trial de novo, the county court at law denied the motion for attorney's fees. At Northside's request,

the county court at law filed findings of fact and conclusions of law.[1]

We begin by noting that this case was submitted on the clerk's record only; there is no reporter's record of the trial de novo before us.[2] When a reporter's record is necessary to consider appellant's issues, in the absence of the reporter's record the trial court's findings of fact are conclusive, and we presume sufficient evidence supported any additional necessary findings. *See Bryant v. United Shortline Inc. Assurance Servs., N.A.*, 972 S.W.2d 26, 31 (Tex. 1998) ("We indulge every presumption in favor of the trial court's findings in the absence of a [reporter's record]."); *Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex. 1991) (in absence of reporter's record, "it is presumed that the omitted evidence supports the trial court's judgment"). Even without a reporter's record, however, an appellate court can decide strict issues of law that do not require a review of the evidence. *See Segrest v. Segrest*, 649 S.W.2d 610, 611 (Tex. 1983).

In its first issue, Northside argues that the trial court erred when it determined that Northside was not the prevailing party for purposes of attorney's fees. While the defendant is not typically considered the prevailing party when the plaintiff non-suits without prejudice, the supreme court has held that "a defendant may be a prevailing party when a plaintiff nonsuits without prejudice if the trial court determines, on the defendant's motion, that the nonsuit was taken to avoid an unfavorable ruling on the merits." *Epps v. Fowler*, 351 S.W.3d 862, 870 (Tex. 2011). "[W]hether a party nonsuited to avoid an unfavorable ruling is a question of fact[.]" *N. Star Water Logic, LLC v. Ecolotron, Inc.*, 486 S.W.3d 102, 105 (Tex.

---

[1] References below to the "trial court" refer to County Court at Law No. 1.

[2] Before the parties filed their briefs and the case was submitted, the court reporter filed a notice with this court stating that there is no reporter's record for the trial de novo at issue here. Northside did not follow the necessary procedures to submit this case on a partial reporter's record and does not assert that the reporter's record was lost or destroyed. *See* Tex. R. App. P. 34.6(c), (f).

App.—Houston [14th Dist.] 2016, no pet.). Accordingly, in the absence of a reporter's record on this fact-bound issue, we presume that the evidence at trial supported the trial court's findings (including express or implied findings supporting the trial court's conclusions of law) and judgment. *See Bryant*, 972 S.W.2d at 31. We overrule Northside's first issue.

In its second issue, Northside argues that the trial court erred by "considering" AMJ's exhibits A and B. "A reporter's record is required, however, to preserve evidentiary complaints for appellate review when evidence is introduced in open court." *Vernco Constr., Inc. v. Nelson*, 460 S.W.3d 145, 150 (Tex. 2015). As there is no written objection to this evidence in the clerk's record of the trial de novo, without the reporter's record we cannot conclude that this issue was preserved. *See* Tex. R. Civ. P. 33.1(a); *see also Kaminetzky v. Dosohs I, Ltd.*, No. 14-03-00567-CV, 2004 WL 1116960, at *4 (Tex. App.—Houston [14th Dist.] May 20, 2004, no pet.) (mem. op.) (trial de novo is "a new and independent action" which moots objections made in prior proceeding in justice court) (quotation omitted). We overrule Northside's second issue.

We affirm the trial court's judgment as challenged on appeal.


/s/     Charles A. Spain
        Justice

Panel consists of Justices Jewell, Spain, and Wilson.