# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00576-CV

---

**Collinwood Seniors, Ltd., Appellant**

**v.**

**Ernest Williams, Appellee**

---

**FROM COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY**
**NO. C-1-CV-23-005032, THE HONORABLE ERIC SHEPPERD, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from the county court's order awarding attorneys' fees to Ernest Williams in an eviction case. *See generally* Tex. Prop. Code §§ 24.001-.011; Tex. R. Civ. P. 510.1-.13. Collinwood Seniors, Ltd. appeals the county court's order awarding Williams attorneys' fees after the court determined that Williams was a prevailing tenant entitled to attorneys' fees pursuant to Texas Property Code section 24.006(c). *See* Tex. Prop. Code § 24.006(c) (providing that if lease entitles landlord or tenant to recover attorneys' fees, "prevailing tenant" is entitled to recover reasonable attorneys' fees from landlord). We will reverse the trial court's award of attorneys' fees to Williams.

## BACKGROUND

Collinwood filed its forcible detainer suit in justice court on October 16, 2023, alleging that Williams breached an apartment lease agreement between them by failing to pay

rent due on the first day of May, June, July, August, and September 2023. Collinwood alleged that it had hand delivered to Williams written notice to vacate the leased premises on June 6, 2023; it requested that the court render judgment awarding it possession of the leased premises. Both parties appeared in justice court for a bench trial on October 24, 2023. The justice court issued a final judgment awarding Collinwood possession of the leased premises and court costs of $134.00. The court set a bond at $1,900.00 for appeal to the county court. *See* Tex. R. Civ. P. 510.9(b). Williams, appearing pro se, perfected his de novo appeal to the county court by filing a "Statement of Inability to Afford Payment of Court Costs or an Appeal Bond" with the justice court. *See id.* R. 510.9(a). Collinwood did not contest the Statement. *See id.* R. 510.9(c). The county court notified Williams that he was required to deposit one month's rent of $950.00 into the court's registry to avoid the court's issuing a writ of possession without a hearing. *See* Tex. Prop. Code § 24.0053 (governing payment of rent during appeal of eviction). The case was set for trial on February 13, 2024.

On December 8, 2023, while the de novo appeal was pending in the county court, Meals on Wheels issued a check in the amount of $2,210.81 to Collinwood. The check described the payment as "Client Assistance E Williams April-May 23 Rent Apt 0529." On December 18, 2023, El Buen Samaritano issued a check in the amount of $6,000.00 to Collinwood. The check described the payment as "Ernest James Williams rental assistance." On February 12, 2024, counsel for Williams filed an appearance and requested a continuance based on his having been recently assigned the case by Volunteer Legal Services of Central Texas. Williams's counsel filed a general denial and a special denial asserting that Collinwood's notice to vacate did not comply with City of Austin ordinances, the Texas Property Code, and federal

2

statutes regulating subsidized properties.  Williams requested attorneys' fees pursuant to section 24.006(c) of the Texas Property Code.  *See* Tex. Prop. Code § 24.006(c).

On June 11, 2024, Collinwood filed a Notice of Nonsuit and Sworn Motion to Disburse Funds.  Collinwood stated that it was dismissing the forcible detainer suit without prejudice and sought to withdraw any rent held in the county court's registry.  *See* Tex. R. Civ. P. 510.9(5)(B)(v).  Collinwood asserted that it believed there to be $2,800.00 in the court's registry and that it was entitled to that as payment of contractual rent owed to it by Williams during the pendency of the de novo appeal of the justice court's judgment awarding possession of the leased premises to Collinwood.  Collinwood stated that any funds received from the court's registry would be credited toward William's rental account.  Collinwood attested that "[u]pon discussion with relevant parties, [Collinwood] accepted partial rental assistance funds with the understanding that the Registry Funds remain the only unpaid balance up to May 2024. As such, [Collinwood] files its Notice of Nonsuit and Sworn Motion to Disburse Funds."

On June 12, 2024, Williams filed a Motion for Attorney's Fees, requesting that the court determine that Collinwood nonsuited the case "to avoid an unfavorable ruling on the merits."  *See Epps v. Fowler*, 351 S.W.3d 862, 870 (Tex. 2011) (holding that defendant may be prevailing party when plaintiff nonsuits without prejudice if court determines, on defendant's motion, that nonsuit was taken to avoid unfavorable ruling on merits).  Williams asserted that applying the test set forth in *Epps*, Williams was a "prevailing party" entitled to attorneys' fees under Texas Property Code section 24.006(c).  Collinwood filed a response asserting that, when the parties appeared for the January trial setting, Williams had requested that Collinwood agree to continue the trial so that Williams could secure rental assistance.  Collinwood stated that, during the pendency of the de novo appeal, it worked with Meals on Wheels and El Buen

3

Samaritano to secure rental assistance funds for Williams; that those efforts were successful and resulted in those organizations' providing $8,210.81 in rental assistance for Williams; and that those rental assistance funds satisfied Williams's outstanding rent balance up to May 2024. Collinwood stated that in February 2024, its counsel contacted counsel for Williams requesting an agreement to dismiss the case and disburse the remaining funds that Williams had earlier paid into the court's registry to apply as a credit to future rent payments. Williams's counsel responded that he would consult with his client, but, according to Collinwood, counsel did not respond until a month later, when he informed Collinwood that Williams did not agree to the disbursement of the remaining funds and "wants to go to court." Collinwood stated that because it was entitled to the funds Williams had paid into the registry pursuant to Texas Rule of Civil Procedure 510.9 upon dismissal of the suit, it had filed the Notice of Nonsuit and Sworn Motion to Disburse Funds. Collinwood explained that, as stated in its notice of nonsuit, it had successfully worked with Meals on Wheels and El Buen Samaritano to obtain rental assistance funds that, along with the funds Williams had paid into the court's registry, covered Williams's outstanding rent balance through May 2024. Collinwood argued that, applying the *Epps* analysis, Williams was not a "prevailing party" by virtue of Collinwood's having nonsuited the case without prejudice.

After a hearing, the court granted Williams's motion for attorneys' fees, stating in its order that "the court is of the opinion that [Collinwood] non-suited its claims in this case to avoid an unfavorable outcome" and that Williams "is a 'prevailing tenant' for purposes of Texas Property Code 24.006." The court awarded Williams $3,785.00 in attorneys' fees. This appeal followed.

4

**DISCUSSION**

In its first issue, Collinwood asserts that the trial court did not have jurisdiction to award Williams attorneys' fees because it had lost plenary power over the case thirty days after the notice of nonsuit was filed on June 11, 2024. Collinwood maintains that the order awarding attorneys' fees, which was signed on August 1, 2024, was void because it was signed after the court lost plenary power on July 11, 2024. We disagree.

A nonsuit does not affect a pending claim for affirmative relief or motion for attorneys' fees. *See* Tex. R. Civ. P. 162; *Lentino v. Frost Nat'l Bank*, 159 S.W.3d 651, 654 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (citing *BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 840, 842 (Tex. 1990)). In his answer, filed in March 2024, Williams requested an award of attorneys' fees pursuant to Texas Property Code section 24.006. This pleading constituted a request for affirmative relief that remained pending despite the notice of nonsuit Collinwood filed. *See Dean Foods Co. v. Anderson*, 178 S.W.3d 449, 453 (Tex. App.—Amarillo 2005, pet. denied) (holding that pleading requesting attorneys' fees constituted claim for affirmative relief that remained pending after opposing party's nonsuit); *see Toscano v. Brown*, No. 03-25-00142-CV, 2025 WL 2677890, at *3 (Tex. App.—Austin Sept. 19, 2025, no pet.) (mem. op.) (recognizing that request for attorneys' fees pursuant to statute is claim for affirmative relief authorizing party to be heard under provisions of Texas Rule of Civil Procedure 162). We overrule Collinwood's first issue.

In its second issue, Collinwood asserts that the trial court erred in determining that Williams was a "prevailing tenant" entitled to an award of attorneys' fees pursuant to Texas Property Code section 24.006. *See* Tex. Prop. Code § 24.006(c). Texas adheres to the American Rule with respect to attorneys' fees. *See Intercontinental Grp. P'ship v. KB Home Lone Star*

5

*L.P.*, 295 S.W.3d 650, 653 (Tex. 2009).  Under that rule, litigants may recover attorneys' fees only if specifically provided for by statute or contract.  *Id.* (citing *MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 669 (Tex. 2009)).  Thus, we must determine whether Texas Property Code section 24.006(c) authorized the court's award of fees in this case to Williams.  Section 24.006(c) provides, in pertinent part:

> If the landlord provides the tenant notice under Subsection (a) or if a written lease entitles the landlord or the tenant to recover attorney's fees, the prevailing tenant is entitled to recover reasonable attorney's fees from the landlord.

*Id.*  The parties join issue on whether Williams "prevailed" when Collinwood nonsuited the forcible detainer action.  The Texas Supreme Court has held that "a defendant may be a prevailing party when a plaintiff nonsuits without prejudice if the trial court determines, on the defendant's motion, that the nonsuit was taken to avoid an unfavorable ruling on the merits." *Epps*, 351 S.W.3d at 870.  Collinwood contends that an award of attorneys' fees based on the "prevailing party" standard set forth in Texas common law was improper because Collinwood did not nonsuit the forcible detainer action to avoid an unfavorable judgment but because it had received full payment of rent for Williams's apartment through May 2024.  Whether a party nonsuited to avoid an unfavorable ruling is a question of fact, which we review for an abuse of discretion.  *North Star Water Logic, LLC v. Ecolotron, Inc.*, 486 S.W.3d 102, 105 (Tex. App.— Houston [14th Dist.] 2016, no pet.).

In *Epps*, the supreme court considered whether a defendant is a prevailing party entitled to attorneys' fees when a plaintiff nonsuits a case without prejudice.  351 S.W.3d at 864.  The court first noted that a defendant is considered a prevailing party when a plaintiff nonsuits a case with prejudice because "a nonsuit with prejudice works a permanent, inalterable change in

6

the parties' legal relationship to the defendant's benefit: the defendant can never again be sued by the plaintiff or its privies for claims arising out of the same subject matter." *Id*. at 868-69. In contrast, the court noted, a nonsuit without prejudice works no such change in the parties' legal relationship. *Id.* at 869. Therefore, a defendant generally is not considered a prevailing party when the plaintiff nonsuits a claim without prejudice. *Id.*

Identifying an exception to the general rule, the court held that "a defendant may be a prevailing party when a plaintiff nonsuits without prejudice if the trial court determines, on the defendant's motion, that the nonsuit was taken to avoid an unfavorable ruling on the merits." *Id.* at 870. The supreme court identified several factors that may support an inference that a plaintiff nonsuited to avoid an unfavorable ruling: (1) a plaintiff's nonsuit after a defendant files a motion for summary judgment; (2) a plaintiff's failure to respond to requests for admission or other discovery that could support an adverse judgment; (3) a plaintiff's failure to timely identify experts or other critical witnesses; and (4) the existence of other procedural obstacles that could defeat the plaintiff's claim, such as an inability to join necessary parties. *Id.* at 870-71. On the other hand, "evidence that the suit was not without merit when filed may indicate that the defendant has not prevailed and is therefore not entitled to attorneys' fees." *Id.* at 871. In determining whether a nonsuit was filed to avoid an unfavorable ruling, courts should rely as far as possible on the existing record and affidavits, and resort to live testimony only in rare instances. *Id.* at 870.

Collinwood nonsuited its claims three months after Williams filed his answer and after Collinwood had received full payment of Williams's unpaid rent from rental assistance provided by Meals on Wheels and El Buen Samaritano. There is no dispute that when Collinwood filed its forcible detainer action Williams was in breach of the lease agreement and

7

Collinwood had a valid basis for seeking possession of the leased premises—a factor weighing against the award of attorneys' fees. Although Williams asserted defenses to Collinwood's forcible detainer action based on allegations of improper or insufficient notice, Williams had not filed a dispositive motion, nor was Collinwood's ability to refute these allegations foreclosed because of failure to respond to requests for admissions or other discovery or failure to timely identify experts or critical witnesses. None of the factors the *Epps* court identified to support an inference that the nonsuit was taken to avoid an unfavorable ruling on the merits are present here. In fact, the court was not required to make any inference about Collinwood's reason for nonsuiting the case because Collinwood clearly articulated the reason for the nonsuit in its notice, stating that the rental assistance and money in the court's registry had covered Williams's rent obligations through May 2024. We conclude that the court abused its discretion in determining that Collinwood nonsuited the forcible detainer action to avoid an unfavorable ruling on the merits. To the contrary, Collinwood's pleadings and the record evidence established that Collinwood nonsuited the case because Williams's rent was no longer in arrears and Collinwood no longer wished to evict him from the leased premises. Because we hold that the trial court erred in determining that Williams was a "prevailing" tenant entitled to attorneys' fees under the Texas Property Code, we sustain Collinwood's second issue.

## CONCLUSION

Having concluded that the trial court abused its discretion in determining that Williams was a "prevailing tenant" entitled to attorneys' fees pursuant to Texas Property Code section 24.006(c), we reverse the trial court's order awarding Williams's attorneys' fees and render judgment that he take nothing on his claim for attorneys' fees.

_____

Karin Crump, Justice

Before Justices Triana, Theofanis, and Crump

Reversed and Rendered

Filed:   October 30, 2025